Opinion delivered March 18, 1887.

---

No. 2117.

### J. G. MARLOW ET AL. *v.* T. J. LACY ET AL.

DISCHARGE OF GUARDIAN—STATUTES CONSTRUED—LIMITATION.—Though the death of the ward terminates the representative relation which his former guardian sustained to him, yet the guardian is not thereby *discharged* from his guardianship in contemplation of law. The words "removal," "resignation" and "discharge," as used in article 3206, Revised Statutes, must be construed in the light of articles 2688, 2682, 2614 and 2616, and thus construed, limitation does not begin to run in favor

of a guardian or of the sureties on his bond upon the death of his ward, but runs only from the time when an order of court has been entered of record, declaring the resignation, removal or discharge of such guardian.

APPEAL from Rusk. Tried below before the Hon. J. G. Hazelwood.

*J. H. Turner* and *Martin Casey,* for appellants, cited Revised Statutes, article 3206; Haggerty v. Scott, 10 Texas, 530, 531; Tindal v. McMillan, 33 Texas, 486, 487; Buchanan v. Bilger, 64 Texas, 592; Hunter v. Hubbard, 26 Texas, 546, 547; Veal v. Fortson, 57 Texas, 488, and Young v. Gray, 60 Texas, 543; Reed v. Timmins, 52 Texas, 84.

*H. L. Stone* and *Wynn & Steadman,* for appellees, on their proposition that the relation of guardian and ward having terminated by the death of the ward, and that of debtor and creditor having sprung into existence, giving the heir at once a right of action at law against Lacy and his sureties, there was no longer a continuing, subsisting and acknowledged trust on the part of Lacy as guardian, and hence the statute of limitations would have immediately begun to run but for the minority of the heir, cited Wingate v. Wingate, 11 Texas, 433, 438; Tinnen v. Mebane, 10 Texas, 250–256; Finnell v. O'Neal, 13 Bush (Ky.), 176; Wood on Limitation and note 3, pages 335, 336, sections 162, 163; Henderson v. Henderson, 54 Maryland, 332; Fort et al. v. Fitts et al., Texas Law Review, volume 6, number 39; Monroe v. Phillips, 65 Georgia, 390.

STAYTON, ASSOCIATE JUSTICE. This is an action brought against T. J. Lacy and the sureties and representative of a surety on a bond executed by him as the guardian of a minor, who died in 1877, leaving a child which survived her but a few weeks.

The plaintiffs sue as heirs of the ward's child or as assigns of heirs.

The petition shows that the property of the ward remained in the hands of the guardian until after the month of September, 1880; and that in February, 1880, the guardian filed his account for final settlement, which was approved by the probate court in the month of September of the same year.

The answer alleged that the guardian had made final settle-

ment in the probate court, and that during the year 1880 he delivered all of his ward's estate to the persons to whom he was directed to deliver it, under an order of the probate court partitioning the estate of his ward. The defendants also pleaded the statutes of limitation of four and seven years in bar of this action. They also set up the same defense by demurrer.

A jury was impaneled in the case, and the evidence heard; but the court upon hearing argument on the demurrers, sustained them, withdrew the case from the jury and, the plaintiffs declining to amend, judgment was entered for the defendants. This ruling of the court is assigned as error. The correctness of this ruling will depend upon the true construction to be placed upon the statute prescribing when actions shall be brought upon the bonds of guardians. The statute declares that: "All suits on the bond of any executor, administrator or guardian shall be commenced and prosecuted within four years next after the death, resignation, removal or discharge of such executor, administrator or guardian, and not thereafter."

This statute does not, in express terms, provide within what time an action must be brought on a guardian's bond after the death of his ward; but we are of opinion that such an action is not barred until the guardian, in the sense in which the term is here used, is *discharged*.

The guardian ceases to have that representative character upon the death of his ward; but it does not follow from this that he is, within the meaning of this law, *discharged* by that event. If a guardian dies, the statute is clear that limitation would run from that event, unless as this may be affected by the provisos of articles 3218 and 3222 of the Revised Statutes.

A guardian can not resign by his own volition and declaration that he intends to or has done so; on the contrary, the statute provides that he must make an application to the probate court for permission to resign; that notice of this shall be given; that his account for final settlement, required to be filed with his application to resign, shall be examined and approved; that he shall be directed to turn over the property of his ward to some person qualified to receive it; upon compliance with which "such guardian shall be permitted to resign his trust and be discharged, and an order to that effect shall be made by the court and entered upon the minutes of the court." (Revised Statutes, articles 2610, 2613.) Until such an order is made, it can not be said that a guardian has resigned.

A guardian may be removed by a probate court, upon its own motion, or upon the application of some person interested in the ward or his estate; but before a guardian can be said to have been removed, an order declaring the removal must be entered. (Revised Statutes, articles 2614–2616.)

"When the ward dies; or, if a minor, arrives at the age of twenty-one years; or, if a female, marries; or, if a person of unsound mind or habitual drunkard, is restored and discharged from guardianship, the guardianship shall be immediately settled and closed, and the guardian *discharged, as provided in the following articles of this chapter,*" is the plain declaration of the statute. (Revised Statutes, article 2682.)

The succeeding articles of the statute provide the steps which shall be taken to bring about the settlement of the guardianship and the discharge of the guardian. Article 2688, Revised Statutes, provides that, "after citation has been duly served, the court shall proceed to examine the account for final settlement, and to hear all exceptions and objections thereto, if any, and the evidence in support of or against such account, and, if the same is found to be fair, just and correct, an order shall be entered upon the minutes approving it, and directing the guardian to deliver the estate remaining in his hands to the ward or other person authorized to receive the same, and, upon compliance with such order, the guardian shall be *discharged,* and such guardianship closed by an order to that effect entered upon the minutes."

Under these statutes it is evident that the mere death of a ward does not operate within the meaning of the law a discharge of a guardian. The words "resignation," "removal" and "discharge," used in article 3206, Revised Statutes, must be construed in the light of the articles of the statute above referred to, which in effect declare when a resignation, removal or discharge has occurred. It will be observed that the statute does not make the time that an action on a guardian's bond may accrue, the time at which limitation will begin to run, as is done in perhaps every case but one or two, other than that under consideration. The reason for this, most probably, is found in the legislative intention not to permit the statutes of limitation to run in favor of one holding a fiduciary relation such as executor, administrator, guardian, or in favor of the sureties on the bond of such persons until there is a decree of court that the relation no longer exists. In the event of the

death of the fiduciary there can be no necessity for any such decree.

The rule adopted by the statute is admirable for its certainty; it leaves no vexed questions as to whether or not, in a given case, an executor, administrator or guardian holds property as an express, implied or constructive trustee to be settled by parol testimony, but simply declares, in effect, that the relation of such fiduciaries to the trust property, except in case of his death, when no further fiduciary relation can exist, shall be considered such, that limitation will not run in his favor, or in favor of the sureties on his bond until, in the decree of a court, evidence that he has resigned, been removed or discharged, is produced.

Cases may arise in which suits on the bond of an executor, administrator or guardian may be maintained before they are discharged; but even the right to maintain such an action can not control the statute of limitation to which we have referred. This action was brought on the fifth of May, 1884, and is not barred.

A jury having been demanded, and the cause withdrawn from it, the judgment will be reversed and the cause remanded, that it may be tried upon its merits, and that all parties may take such steps therein as may be according to law. It is so ordered.

*Reversed and remanded.*

Opinion delivered November 30, 1886, and motion for rehearing overruled March 24, 1887.