Hugh McClellan, Administrator, v. T. F. Mangum,
Administrator.

Decided July 1, 1903.

### Administrator—Death—Jurisdiction of Probate Court.

The death of an administrator terminates his trust relation to the estate, and the county court has no jurisdiction to pass on a report by the administrator of such deceased administrator settling his accounts with the estate.

Error from the District Court of Collin. Tried below before Hon. J. E. Dillard.

J. M. Pearson, for plaintiff in error.

M. G. Abernathy, for defendant in error.

KEY, Associate Justice.—The nature and result of this suit is stated as follows in the brief filed for plaintiff in error:

"John W. Baker died in Collin County, Texas, and left an estate consisting of real and personal property. R. C. White was appointed by the County Court of Collin County, Texas, administrator of the estate of said John W. Baker. R. C. White administered the estate of said John W. Baker for about two years, and before he had fully and finally administered the estate the said R. C. White died. At the time of the death of the said R. C. White, the said White owed the estate of the said Baker, and the estate of the said Baker owed White certain commissions, etc. Hugh McClellan was appointed independent executor of the estate of said R. C. White under the terms of a will left by the said White, which appointment was confirmed by the County Court of Collin County, Texas, and the said McClellan proceeded to administer the estate of the said R. C. White, deceased. T. F. Mangum was appointed administrator de bonis non of the estate of said John W. Baker, deceased. For the purpose of adjusting the accounts of R. C. White as administrator of the estate of said John W. Baker, deceased, and in order to close the administration of R. C. White as administrator of the estate of John W. Baker, the said Hugh McClellan, as executor of the estate of R. C. White, deceased, filed a final settlement for R. C. White, as administrator of the estate of John W. Baker deceased. To which final settlement, T. F. Mangum, as administrator de bonis non of the said John W. Baker, deceased, filed exceptions in the County Court of Collin County, Texas, sitting as a court of probate. From the judgment of the County Court, sitting as a court of probate, an appeal was taken to the District Court of Collin County, Texas, where, at the March term, 1902, a judgment was rendered by the District Court striking out the final settlement filed by Hugh McClellan as executor of the estate of R. C. White, deceased, of the administration of the said R. C. White as administrator of the estate of John W. Baker, deceased, and refusing

to adjudicate the issues raised by said final settlement. The District Court held in substance that where an administrator or executor dies before he finally administers an estate, the county court, sitting as a court of probate, has no authority or jurisdiction to determine the matters in dispute between the deceased administrator in his representative capacity and the administrator de bonis non who succeeds in the administration, and held further that the county court can not ascertain the amount due by the deceased administrator to the estate which he represented, and can not grant a discharge of the deceased representative and his bondsmen from further liability on account of said administration."

The ruling referred to is the only question presented for decision, and, while not entirely free from difficulty, we have reached the conclusion that the trial court was correct. The relation of the executor or administrator to the estate of the decedent is one of trust; and the general rule is that a trust not coupled with an interest, ceases to exist when the trustee dies, and that the legal representative of the estate of the trustee does not succeed to the original trust, in the absence of a statute declaring that result. Counsel for plaintiff in error concedes that there is no statute expressly requiring or authorizing the representative of a deceased executor or administrator to file a final account for and on behalf of such decedent, but contends that certain provisions of the statute regulating the administration of estates lead to that result.

Of the several provisions of the statute relied on to support that contention, the most cogent seems to be the one which makes the common law applicable to executors and administrators when not in conflict with the statute, followed up by authorities which sustain the contention, that, according to the common law, it was the duty of an administrator of a deceased administrator, to settle the account of his decedent. However, there are other provisions of the statute which, in our view, lead to the conclusion that the Legislature understood and intended that when an executor or administrator died, his relation to the estate was thereby severed, and the probate court had no jurisdiction over the heirs or legal representatives of the deceased administrator. For instance, according to article 3357 (Batts' Civil Statutes), limitation begins to run as to suits on bonds of executors, administrators or guardians from and after the death, resignation, removal or discharge of such executor, administrator or guardian.

It seems clear that when the probate jurisdiction has once attached, and as long as it continues to exist, no suit by the heirs can be maintained in another court against the administrator or the sureties on his bond. And therefore, while such probate jurisdiction continues it would seem that the statute of limitation could not be operative. Hence we reach the conclusion that in enacting the article of the statute referred to, it was the legislative intention that death of an executor or administrator should entirely sever the relation theretofore existing between such executor or administrator and the estate, and that no other person, nor the probate court itself, could restore that relation and adjudicate

the rights of the first estate as against the estate of the deceased executor or administrator, nor the rights asserted by the representative of the deceased executor or administrator against the first estate.

We have found no Texas case entirely analogous to this, but cite the following cases as tending to support the views here expressed: Ingram v. Maynard, 6 Texas, 130; Fort v. Fitts, 66 Texas, 593; Marlow v. Lacy, 68 Texas, 154; Timmins v. Bonner, 58 Texas, 558; Davis v. Harwood, 70 Texas, 71.

The case of Bopp v. Hansford, 18 Texas Civ. App., 340, relied on by plaintiff in error, is not entirely analogous. That was a suit on the bond of a guardian who had been removed by the probate court. The decision in that case was rested upon a provision of the statute regulating guardianships, which does not by its terms nor by any other provision of the statute to which we have been cited apply to executors and administrators; and it was not there held that the death of a guardian would not terminate the fiduciary relationship and deprive the probate court of all jurisdiction to adjudicate the rights of the former estate and of the estate of the deceased guardian.

No error has been pointed out and the judgment is affirmed.

*Affirmed.*