### AMERICAN BONDING CO. OF BALTIMORE v. LOGAN et al.

(Court of Civil Appeals of Texas. Dec. 10, 1910.)

1. GUARDIAN AND WARD (§ 26*)—DEATH OF GUARDIAN—EFFECT—GUARDIAN'S ACCOUNT—JURISDICTION TO SETTLE.

On death of a guardian, the ward's relation to the estate of his former guardian was that of debtor and creditor, so that on the appointment of another guardian by the probate court it was without jurisdiction to adjudicate the matters between the ward and the estate of the former guardian.

[Ed. Note.—For other cases, see Guardian and Ward, Dec. Dig. § 26.*]

2. GUARDIAN AND WARD (§ 177*)—TERMINATION OF GUARDIANSHIP—RELEASE OF ESTATE—JURISDICTION OF PROBATE COURT.

After the death of a guardian, the probate court is without power to release the estate of the deceased guardian and his bondsmen from their liability on the deceased guardian's bond.

[Ed. Note.—For other cases, see Guardian and Ward, Dec. Dig. § 177.*]

3. GUARDIAN AND WARD (§ 177*)—DEATH OF GUARDIAN—GUARDIAN'S ESTATE—RELEASE BY WARD AFTER ARRIVING AT AGE—EFFECT.

Where the day after a ward became 21 he was induced to release the estate of his deceased guardian from liability without consideration, and without understanding his rights, to the knowledge of the deceased guardian's surety, such release was not binding on him in favor of such surety, though executed to procure a settlement of the estate of his deceased guardian and a division of the property.

[Ed. Note.—For other cases, see Guardian and Ward, Dec. Dig. § 177.*]

4. GUARDIAN AND WARD (§ 173*) — GUARDIAN'S SURETY—LIABILITIES OF WARD—SET OFF.

Where a guardian was primarily liable on his bond to his ward, and on the guardian's death indebted to the ward the guardian's estate was administered, and a portion of the proceeds paid to the ward as a distributee, the guardian's surety was entitled to set off such amount against its liability for a devastavit committed by the guardian.

[Ed. Note.—For other cases, see Guardian and Ward, Dec. Dig. § 173.*]

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by John A. Logan and others against the American Bonding Company of Baltimore. Judgment for plaintiffs, and defendant appeals. Reformed and affirmed.

Meador & Davis, for appellant. Wood & Wood, for appellees.

BOOKHOUT, J. On December 31, 1908, the plaintiff, John A. Logan, filed suit against the American Bonding Company of Baltimore, seeking to recover the sum of $1,000 with interest thereon, from November, 1900, to date, on the ground that W. J. Logan, father of the plaintiff, John A. Logan, qualified as guardian of the person and estate of said John Logan, giving bond, in terms required by law in the sum of $4,000, with the American Bonding & Trust Company of Baltimore, the predecessor of the American Bonding Company of Baltimore, as surety; that thereafter said guardian collected the sum of $1,000 belonging to said John A. Logan and had failed and refused to turn over, or account to said plaintiff for said sum, or any part thereof; that on May 3, 1908, said W. J. Logan died, and that his surety, American Bonding Company of Baltimore, was liable for said sum of money, with interest.

The defendant, American Bonding Company of Baltimore, replied by plea of abatement setting up that on or about September 17, 1908, the county court of Dallas county, sitting in probate, had heard and approved the final account of W. J. Logan, guardian, deceased, filed by and through his representative, R. H. Lee, administrator of the estate of W. J. Logan, deceased; that on said date there was a final judgment rendered and later entered by the county court of Dallas county, Tex., a court of competent jurisdiction, fully and finally releasing and discharg-

ing the estate of W. J. Logan, deceased, and his surety, American Bonding Company of Baltimore, from all liability on account of the said guardianship; that said final judgment had never been appealed from and had never been set aside in any manner provided by law.

The defendant further filed a general demurrer, special exceptions, general denial, and also set up the judgment of the county court of Dallas county, releasing said surety and its principal, and that on September 3, 1908, and after said plaintiff reached his majority and before said final order was entered by the county court of Dallas county, Tex., said plaintiff executed and delivered, for a valuable consideration, a release in due form, releasing and discharging the estate of W. J. Logan, deceased, and his surety, American Bonding Company of Baltimore, from any and all liability whatsoever, on account of said guardianship. The defendant, American Bonding Company of Baltimore, further filed a cross-bill against the estate of W. J. Logan, of which R. H. Lee is administrator, setting up the fact that it was surety of said W. J. Logan, now deceased; that before executing said bond by said American Bonding Company, as surety, said W. J. Logan agreed in writing to hold said company harmless and protect it against all loss sustained by reason of making said bond; and asked for judgment over against the estate of W. J. Logan, deceased, for such an amount, if any, as the plaintiff might recover against said bonding company. The estate of W. J. Logan, deceased, of which R. H. Lee is administrator, did not answer the cross-bill, but adopted the plea in abatement filed by said defendant, and later amended and amplified said plea; and further pleaded fully and particularly the matters and things set out by the American Bonding Company; and, finally, all the pleadings filed by the estate of W. J. Logan, deceased, of which R. H. Lee is administrator, were adopted by the defendant, American Bonding Company, in addition to and as supplemental to its pleadings. The plaintiff by his several additional and supplemental pleadings says that the judgment of the county court of Dallas county, Tex., releasing and discharging the estate of W. J. Logan, deceased, and the surety, American Bonding Company, from all liability, is void and of no force and effect, and that the court did not have jurisdiction to enter such judgment; that the release executed by the plaintiff was without consideration, and, if not obtained by fraud, it was through mistake, and therefore the plaintiff was not bound by said release. The trial court overruled the plea in abatement filed by the defendant, American Bonding Company, on the ground that the county court of Dallas county did not have jurisdiction to enter the final judgment, but sustained the plea in abatement as to the estate of W. J. Logan, deceased, of which R. H. Lee is administrator. On the trial of the case on its merits, the court set aside the release executed by the plaintiff, and rendered judgment for John A. Logan against the American Bonding Company for the sum of $1,720 with interest, and gave judgment for the estate of W. J. Logan, deceased, and against the defendant, American Bonding Company, on its cross-bill, to all of which actions of the court the defendant bonding company excepted and perfected an appeal.

The trial court filed his conclusions of fact and law wherein it found, among other things, that W. J. Logan, the father of John A. Logan, the plaintiff in this suit, and his sister, Jessie Logan, was on the 13th day of November, 1900, by the county probate court of Dallas county, appointed guardian of the estates of his said son and daughter, and on the same date entered into a bond in the sum of $4,000 with the appellant as surety; that the occasion for this appointment was that the mother of John and Jessie had recently died, leaving two policies of insurance of $1,000 each, which were payable on the mother's death to her son and daughter, John and Jessie, who were minors; the guardian, W. J. Logan, during the year 1900 collected both of said policies; that W. J. Logan continued as such guardian until his death—May 3, 1908. One-half of the $2,000 collected by W. J. Logan belonged to this appellee, and the appellee never at any time received any part of the $2,000, or any benefit therefrom during the lifetime of his father, and his father never at any time, in any way, accounted to the probate court or to appellee for said money, or any part thereof. The guardianship was pending and unsettled at the time of the death of the guardian. Said money could have been loaned and kept loaned by the guardian. Appellee arrived at the age of 21 years on September 2, 1908. On May 19, 1908, W. Lindsay Bibb was, by the probate court of Dallas county, appointed guardian of the estate of appellee. In July, 1908, R. H. Lee was by the same court appointed administrator of the estate of W. J. Logan. The only property that ever came into the hands of R. H. Lee belonging to said minors, as administrator of said estate, was a promissory note for $344.30, which was the property of John and Jessie Logan, and payable to them or their guardian. The said W. J. Logan left a small homestead in Dallas to his surviving second wife and children. The said W. J. Logan, at the time of his death, owed debts and his estate was insolvent. W. Lindsay Bibb, the second guardian of John A. Logan, on September 3, 1908, the next day after John arrived at the age of 21 years, filed with the said court his final account showing that no funds had come into his hands, and that he had personally advanced for his ward's benefit some $78, and stating that there were some funds in the hands of R. H. Lee, administrator of W. J. Logan's estate, belong-

ing to J. A. Logan, sufficient to pay the said $78 and cost of guardianship, and asking an order directing the administrator to pay said $78 and costs, and prayed for a final discharge. Said final account was sworn to by appellee, John A. Logan, and the ward waived citation and agreed that the guardianship might be closed. On the 17th day of September thereafter the probate court approved the account, and further ordered that the administrator pay said guardian's account out of funds belonging to John A. Logan in his possession, and finally discharging the guardian, Lindsay Bibb. The administrator, R. H. Lee, on the 17th day of September, 1908, also filed a report or statement in the guardianship case, showing that the only property belonging to the minors, John and Jessie Logan, that ever came into his hands was a note for $344.30; that the minors had attained their majority and had signed powers of attorney and receipts in favor of the administrator giving him full authority to settle said guardianship, and that he had had J. C. Muse to execute three notes in favor of Jessie and John Logan for the aggregate sum of $344.30; said report further stating that Lindsay Bibb had filed his account; that both Jessie and John were satisfied with the settlement and had filed written waivers, and asked that the same be closed. The report then prayed the court to enter an order approving the account of Lindsay Bibb and himself for and in behalf of the guardian, fixing the amount of attorney's fees due attorney Bibb, directing him to pay the court cost due herein, and to relieve the guardian and bondsmen from further liability therein, and to close said estate.

The court further finds that on September 3, 1908, the next day after he arrived at majority, John A. Logan executed the following instrument or release: "The State of Texas, County of Dallas: Know all men by these presents, that I, John A. Logan, of the county of Dallas, Texas, for and in consideration of the sum of one dollar and other good and valuable considerations, the receipt of which is hereby acknowledged, hereby release and forever discharge the estate of W. J. Logan, deceased; the said W. J. Logan being my former guardian, and his surety, the American Bonding Company of Baltimore, from all liability whatsoever which may have already accrued or which may hereafter accrue, on account of the acts and doings of my said former guardian. Witness my hand, this 3d day of September, 1908. John A. Logan."

The court further finds that John A. Logan received nothing from either the estate of W. J. Logan or the American Bonding Company, or from any one else for the execution of said release; that appellee was not promised anything of value as a consideration for its execution; that J. A. Logan did not know at the time he signed it anything about the condition of his father's estate, and did not

know what his rights were, and especially did not know of his rights against the American Bonding Company. And the court further finds that the American Bonding Company had knowledge of the fact that plaintiff was not at that time aware of his rights in the premises, and knew that plaintiff was without business experience, and that he had just reached his majority the day before signing the release; that no part of the $2,000 ever came into the possession or control of either the second guardian, Lindsay Bibb, or the administrator, R. H. Lee, and the same has never been accounted for, nor did the probate court ever make any order for the administrator to pay same to the new guardian or plaintiff; nor did the second guardian ever apply for such order; that neither the administrator, R. H. Lee, nor Lindsay Bibb, ever made any report or account to the probate court of Dallas county showing what property came into the hands of W. J. Logan as guardian of John and Jessie Logan, or what disposition was made of the same, and, in fact, never made any account for or on behalf of said W. J. Logan as to said guardianship matters, showing their condition; that R. H. Lee, administrator, held the notes for $344.30, the property of Jessie and John Logan, and never turned them over to their guardian, Bibb; that one-half the same belonged to John A. Logan; that said administrator, R. H. Lee, a few days after John signed the release, purchased John's interest in said notes for $50, and this $50 is all the money or thing of value John A. Logan ever received of the moneys or property that came into his father's possession as his guardian; and these notes constituted no part of the $2,000 insurance money; that John A. Logan at the time he arrived at the age of 21 years, was a boy of ordinary intelligence, but had practically no education; had never had any business training, and scarcely any other kind of wholesome training, and was without business experience, was simply a wageearner, and was under guardianship until the day before he executed the release; that the probate court of Dallas county, on September 17, 1908, made a final order discharging Lindsay Bibb as guardian, but did not make any order in the minutes discharging the estate of W. J. Logan or the American Bonding Company from liability to this plaintiff. But after the filing of this suit, which was December 31, 1908, the appellant filed an application with the clerk of the probate court of Dallas county to amend and correct the above judgment discharging Lindsay Bibb, by adding thereto a further order releasing the appellant and the estate of W. J. Logan from liability to appellee, stating that in fact such was the order of the court on September 17, 1908, but that the same was not entered in the minutes properly. The said court thereafter amended the order of September 17, 1908, so as to discharge the

appellant from liability on the guardian bond to this appellee; that no appeal was taken. The court found, as a matter of law, that the release being without consideration was not binding on him, and that the probate court was without jurisdiction to make the order releasing the appellant from liability to appellee, or the estate of W. J. Logan from liability to appellee and render judgment for the amount of $1,720. We approve these findings.

It is contended that the trial court erred in overruling and in not sustaining the plea in abatement of the American Bonding Company, wherein said defendant pleaded a final judgment rendered by the county court of Dallas county, Tex., sitting in probate, fully and finally releasing and discharging the said American Bonding Company, as surety, and W. J. Logan's estate from all liability, it appearing that the plaintiff, John A. Logan, after he reached his majority, for a valuable consideration, executed a release in due form and thereafter judgment was entered by the probate court accordingly, and said final judgment was never appealed from, and has never been set aside by appeal, bill of review, or otherwise. This contention is not sustained.

The guardianship of W. J. Logan upon the estate of John A. Logan was terminated by the death of the guardian, which occurred on May 3, 1908. At that time the guardian was indebted to the estate of his ward. The relation of the ward to the estate of his former guardian was that of creditor and debtor, and upon the appointment of another guardian by the probate court that court was without authority to adjudicate the matters between the ward and the estate of his former guardian. After the termination of the guardianship the probate court was without power to release the estate of W. J. Logan and his bondsmen from their liability on the former guardian's bond. In the case of Timmins v. Bonner & Long, 58 Tex. 554, the court, after reviewing several cases, uses language as follows: "These decisions practically assert that after the termination of an administration, however that termination may occur, the probate court has no power to render a decree against one who formerly held the fiduciary relation of administrator or executor, and the relation of a guardian in no way differs from that of an administrator or executor in reference to the jurisdictional question involved." While that was an administration case we think the same is true in guardianship cases. The court did not err in holding the judgment void. Timmins v. Bonner & Long, supra; Hix et al. v. Duncan et al., 99 S. W. 422; Richardson v. Knox, 14 Tex. Civ. App. 402, 37 S. W. 189; McClellan v. Mangum, 33 Tex. Civ. App. 193, 75 S. W. 840; Handy v. Woodhouse, 25 S. W. 40; Marlow v. Lacy, 68 Tex. 154, 2 S. W. 52; Allen v. Stovall, 94 Tex. 618, 63 S. W. 863, 64 S. W. 777; Fort

132 S.W.—57

v. Fitts, 66 Tex. 593, 1 S. W. 563; Bopp et al. v. Hansford, 18 Tex. Civ. App. 340, 45 S. W. 744; Ingram v. Maynard, 6 Tex. 130; Francis' Adm'r v. Northcote, 6 Tex. 185; Sayles' Ann. Civ. St. 1897, arts. 2695, 2696, 2700, 2701, 2764, 2777, 2778; Moore v. Hanscom, 103 S. W. 665.

Again, it is insisted that the release executed by John A. Logan discharging the estate of his deceased guardian and father and the surety on the guardian's bond having been executed by the ward after becoming of age, and it having been executed in order to procure a settlement of the estate and a division of the property, is valid, and supported by a good and sufficient consideration. This contention is not sustained. The court found that the appellee arrived at the age of 21 years the day before he signed the release; that he had practically no education nor business training and scarcely any other kind of wholesome training; was simply a wage-earner. The court further found that the release was without consideration, and that appellee did not understand his rights, and that the American Bonding Company knew appellee did not understand what his rights were. If, at the time of the execution of the receipt by John A. Logan, he was ignorant of his rights and the American Bonding Company knew this fact, and there was no consideration for the release, then it was not binding upon him even though it was executed to procure a settlement of the estate and division of the property. He would have, upon a division of the property of his father's estate, been entitled to his portion of the same, whether he executed the release or not.

There was evidence showing that John A. Logan, after his father (W. J. Logan's) estate was divided, sold his interest therein and received therefor $668, and it is insisted that, the American Bonding Company being a surety for W. J. Logan, it is entitled to an offset against its liability on the guardian's bond, to the extent of the amount received by him from the estate of his father. This contention must be sustained. W. J. Logan was primarily liable on the bond, and upon his death his estate became primarily liable, and whatever interest John A. Logan received from his father's estate the surety was entitled to as a credit upon its liability. This holding is supported by the principles announced in the following cases: Willis v. Chowning, 90 Tex. 617, 40 S. W. 395, 59 Am. St. Rep. 842; Faires v. Cockerell, 88 Tex. 438, 31 S. W. 190, 639, 28 L. R. A. 528; Fidelity & Deposit Co. v. Schelper, 37 Tex. Civ. App. 393, 83 S. W. 873. The court's failure to give appellant credit for the amount received by appellee from the estate of his father was error. It does not follow, however, that the case should be remanded for this error. The cause was tried by the court, and the evidence seems uncontroverted as to the amount received by appellee from

his father's estate. The judgment will, therefore be reformed and here credited with $668, and, as the evidence fails to show the date of such receipt, the credit will be made as of the date of the judgment, and the judgment will be reformed so as to show such credit. As reformed, the judgment is affirmed.

Reformed and affirmed.