KRETZSCHMAR et al. v. PESCHEL et ux.

(Court of Civil Appeals of Texas. San Antonio. Feb. 14, 1912.)

1. GUARDIAN AND WARD (§ 182*)—ACTION ON GUARDIAN'S BOND—JURISDICTION.

An action against a guardian and his sureties for $950 for the guardian's conversion of the ward's property, brought by the ward after termination of the guardianship, under Rev. St. 1895, art. 2764, by the ward attaining full age and by her marriage, is within the jurisdiction of the district court; and an order of the probate court, requiring the guardian to report, does not prevent the maintenance of the action.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. § 629; Dec. Dig. § 182.*]

2. GUARDIAN AND WARD (§ 182*)—ACTION ON GUARDIAN'S BOND—PARTIES.

A ward suing, after the termination of the guardianship, the guardian and his sureties for conversion need not make a notary public assisting the guardian in the fraud a party defendant.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 640–643; Dec. Dig. § 182.*]

3. CONTINUANCE (§ 30*)—SURPRISE—AMENDMENT OF PLEADING.

In an action on a guardian's bond for the conversion of the ward's property, where a receipt, given by the ward to the guardian, was relied on, a pleading of the ward, alleging that the receipt was obtained by fraud, did not create any ground for surprise justifying a continuance on that ground, especially where every person who was present when the receipt was given was at the trial, except two persons, and no postponement to obtain their evidence was asked.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 99–112; Dec. Dig. § 30.*]

4. PLEADING (§ 310*)—EXHIBITS—AIDER TO PETITION.

Where the petition, in an action on a guardian's bond for conversion of the ward's property, alleged that the guardian applied for and obtained the guardianship of the ward, that he gave a bond as guardian with code-

fendants as sureties, that the bond was payable to the county judge and his successors in office, and attached the bond as an exhibit, the bond became a part of the petition, and could be looked to in aid of the petition, and thereby render it good as against a general demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 944, 946, 947; Dec. Dig. § 310.*]

5. PLEADING (§ .310*) — EXHIBITS — SETTING OUT INSTRUMENT IN HÆC VERBA.

Where the petition, in an action on a guardian's bond, attached the bond as an exhibit, it was not necessary that the bond should be set out in hæc verba in the petition.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 944, 946, 947; Dec. Dig. § 310.*]

6. GUARDIAN AND WARD (§ 182*)—ACTION ON BOND—PARTIES.

The county judge is not a necessary party to a suit by a ward against the guardian and his sureties on his bond, brought after the termination of the guardianship, but before the discharge of the guardian.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 640–643; Dec. Dig. § 182.*]

7. APPEAL AND ERROR (§ 1041*)—REVIEW— HARMLESS ERROR—ERRONEOUS RULINGS ON PLEADINGS.

Any error in allowing the filing of a supplemental petition, setting up a claim not submitted to nor allowed by the jury, is not prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1041.*]

8. JUDGMENT (§ 223*)—INTEREST—COMPUTATION.

The court, in an action on a guardian's bond for the conversion of the ward's property, may resort to the pleadings to determine the time from which interest allowed by the jury should be computed.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 403; Dec. Dig. § 223.*]

9. TRIAL (§ 255*)—INSTRUCTIONS—REQUESTS —DEFINITION OF WORDS.

In an action on a guardian's bond for conversion of the ward's property, the failure to define the term "annual rests" used in the charge was not error, in the absence of any requested charge thereon.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 627–641; Dec. Dig. § 255.*]

10. TRIAL (§ 244*) — INSTRUCTIONS — UNDUE PROMINENCE TO FACTS.

A special charge which amplifies and makes clearer the charge of the court is not objectionable as giving undue prominence to a point in the case.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 577–581; Dec. Dig. § 244.*]

Appeal from District Court, Austin County; John T. Duncan, Special Judge.

Action by Oscar Peschel and wife against Julius Kretzschmar and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

Johnson, Matthaei & Thompson, for appellants. C. G. Krueger and Mathis & Teague, for appellees.

FLY, J. ˙ Oscar Peschel and Johanna, his wife, brought this action against Julius Kretzschmar, as guardian of the estate of Johanna Peschel, formerly Kretzschmar, and Robert Voigt and Christoph Reichle, sureties on his bond, for the value of certain property belonging to his former ward, which had been converted to his own use by said guardian.

It was alleged in the petition that Johanna Peschel was 24 years of age, and had married Oscar Peschel. Appellants filed a plea in abatement, on the ground that, on September 1, 1910, an order had been issued out of the county court of Austin county, commanding the guardian to make a report of the condition of the estate of the ward, and that the same was pending. The plea in abatement was overruled, and appellants filed a general demurrer and special exceptions, and set up a receipt in full payment and satisfaction of all claims against the guardian, signed by Johanna Kretzschmar, of date May 8, 1909, duly acknowledged before William Wenenweser, a notary public. In a supplemental petition, it was alleged that fraud on the part of the guardian and notary public had been used to induce her to sign a receipt which she did not understand. The cause was tried by jury, and resulted in a verdict for appellees for $787, "with interest at the rate of 6 per cent. from the time said money passed into the hands of J. Kretzschmar, less $150, to be credited thereon, having been received by plaintiff." On that verdict, judgment was rendered in favor of appellees for $871.60, which is recited to be the amount of $787, less $150 credit, with interest at 6 per cent. per annum from May 8, 1905, to the date of the judgment.

The evidence discloses that the guardian converted portions of the estate of his ward, amounting to the sum found by the jury, to his own use and benefit, and that by fraud and deception he procured a receipt from the ward for all he owed her.

[1] The amount sued for being in excess of $500, namely $950, the district court had jurisdiction of the suit against the guardian and the sureties on his bond for the money and the value of the animals belonging to the ward. Timmins v. Bonner, 58 Tex. 554; Bopp v. Hansford, 18 Tex. Civ. App. 340, 45 S. W. 744. The relationship of guardian and ward ceased when Johanna Kretzschmar became 21, although he had not been discharged, and she was authorized to appeal to the district court for redress of the grievance she had against her former guardian; and the order of the probate court to the guardian to, make a report did not prevent her from suing for her property. That the guardianship was terminated by the marriage of the ward, or by her reaching the legal age, is well settled. Rev. Stats. 1895, art. 2764; Parish v. Alston, 65 Tex. 194; Marlow v. Lacy, 68 Tex. 154, 2 S. W. 52; Allen v. Stovall, 94

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes.

Tex. 648, 63 S. W. 863, 64 S. W. 777. The district court had jurisdiction of the subject-matter of this suit, even though the guardianship had not been formally dissolved in the county court.

[2] There is no merit in the contention that the notary public should have been made a pary to the suit, because it had been alleged that he assisted the guardian in perpetrating a fraud upon his ward. What possible good could have resulted to appellants from making the notary public a party does not appear. He had not assumed any of the guardian's burdens or lightened those of his bondsmen by assisting the guardian in deceiving his ward, and the bondsmen had no cause of action against the notary public. This suit was instituted to recover property converted by the guardian, and the conspiracy was merely an incident to the obtaining of the receipt.

[3] Appellants sought to relieve themselves of liability by pleading a receipt, given by the ward to the guardian, and the answer that the receipt was obtained by fraud and deception did not create any ground for surprise, and the application for a continuance was properly overruled. The record shows that every person who was present when the receipt was obtained was present at the trial, except Mrs. Schill and Mrs. Edward Kretzschmar, and appellants never made it known before or during the trial that their presence was desired, issued no subpœnas for them, and asked no postponement in order to obtain their evidence. The cause was postponed for a day, in order that appellants' witnesses might be present; but no effort was made to obtain the evidence of the witnesses named. No continuance was asked in order to obtain their testimony.

[4] It was alleged in the petition that Julius Kretzschmar applied for and obtained the guardianship of the estate of Johanna Kretzschmar; that he gave a bond as guardian in the sum of $3,000, with Voigt and Reichle as his sureties; that the bond was payable to John P. Bell, or his successors in office, as set out in the bond, which was attached as an exhibit to the petition. The bond shows that it was payable to John P. Bell, county judge of Austin county, and his successors in office. The bond became a part of the petition, and can be looked to to aid in the elucidation of the allegations in the petition. Burks v. Watson, 48 Tex. 107; Milliken v. Callahan, 69 Tex. 205, 6 S. W. 681. The court did not err in overruling the general demurrer to the petition.

[5] The substance of the bond given by the guardian was alleged in the petition, and it was attached as an exhibit, and that was sufficient. It was not necessary that the bond be set out in hæc verba in the petition.

[6] The county judge was not a necessary party to the suit of the ward against the guardian and his sureties. Roberson v. Tonn, 76 Tex. 535, 13 S. W. 385.

[7] The eighth and ninth assignments of error are overruled. The eighth is practically abandoned, and the ninth fails to show error. Even if the filing of the third supplemental petition should not have been allowed, it could not have injured appellants. It claimed more rents on the land than was claimed in the other two; but, as the matter of rents was not submitted to the jury, and they merely found for the money that was collected by the guardian, the question of the propriety of the filing of the pleading is of no importance whatever.

[8] The date from which the interest should be allowed is stated in the answer of appellants, in which it is admitted that the guardian collected $588.70 from the estate of Charles Hoff on March 13, 1905, and that he collected the note for $241.30, dated June 2, 1904, and refers to the inventory as correct. The inventory enumerates the two claims. The guardian admitted collecting the two claims, which amounted in the aggregate to $830; but the jury returned a verdict for only $787. Interest could have been calculated on that whole sum at least from March 13, 1905; but the court calculated interest on the sum found by the jury from May 8, 1905, and, although the jury found for no interest on the $150, the court allowed interest on the same from May 8, 1908. The guardian alleged that sum was paid to the ward on May 9, 1909, and he got the benefit of a year's interest, which he could not claim. The court could resort to the pleadings to determine the time from which the interest found by the jury should be computed. Not only was the time fixed in the answer, but also in the petition, and it was said in Griffin v. Chadwick, 44 Tex. 406: "We see no defect in the verdict for which the judgment should be reversed. The only particular in which it can be said to be uncertain is as to the time from which interest is to be calculated on the principal on the notes sued on. But this defect in the verdict is obviated by the petition, to which it has often been held resort may be had for this purpose." It is not claimed that appellant lost anything by the manner in which interest was calculated, because that claim would be in the face of the facts.

[9] The failure to define the term "annual rests" used in the charge was not error. If appellants desired that a definition be given, they should have requested it.

[10] The special charge asked by appellees, and given by the court amplified and made clearer the charge of the court, and there was no impropriety in giving it. Undue prominence was not given thereby to the most important point in the case. The evidence indicates that the guardian had appropriated funds belonging to his ward, and endeavored to prevent a recovery by inveigling a young,

ignorant, trusting girl to sign a release to him of further liability. He has had a fair trial by a jury of his county, and they have found against him in a sum of which he has no cause to complain.

The judgment is affirmed.