WOODSON et al. v. STANLEY et al.
(No. 8052.)

(Court of Civil Appeals of Texas. Dallas. March 2, 1918.)

1. SCHOOLS AND SCHOOL DISTRICTS ☞68 — HIGH SCHOOL—SELECTION OF SITE.

Under Acts 34th Leg. c. 36, amending Acts 32d Leg. c. 26 (Vernon's Ann. Civ. St. Supp. 1918, arts. 2749a–2749l, 2849b, 2849bb), which declares in section 2 (article 2749a) that the general management and control of public schools in each county is vested in the county trustees and in sections 3, 4, and 5 (articles 2749b, 2749c, 2849b), authorizes the trustees to classify the schools into elementary and high schools for the purpose of promoting the efficiency of the elementary schools and establishing high schools at convenient places, the trustees being given authority formerly exercised by the county commissioners' court the county trustees must, all acts in conflict having been repealed by section 15 (article 2749l), be deemed alone to have authority to establish a high school; consequently the district trustees cannot select the site for such school.

2. SCHOOLS AND SCHOOL DISTRICTS ☞68 — PUBLIC SCHOOLS—TRUSTEES—STATUTES—REPEAL.

Although Vernon's Sayles' Ann. Civ. St. 1914, art. 2824, providing for the election of district trustees, declares that the trustees shall determine how many schools shall be maintained in their district and at what points they shall be located, such statute must, in view of the power to locate high schools conferred on county trustees by Acts 34th Leg. c. 36, amending Acts 32d Leg. c. 26, be deemed to apply only to elementary schools; section 15 of the later act (Vernon's Ann. Civ. St. Supp. 1918, art. 2749l), repealing all acts in conflict.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Suit by A. M. Woodson and others against A. M. Stanley and others, Trustees of Common School District No. 123. From a decree enjoining defendants from locating a high school in the district at a specified point, defendants appeal. Affirmed.

M. S. Wood, of Itasca, and Wear & Frazier, of Hillsboro, for appellants. Shurtleff & Cummings, of Waco, for appellees.

RASBURY, J. This is an appeal from the judgment of the lower court permanently enjoining appellants, who are trustees of a common school district in Hill county, known as school district No. 123, from locating a high school in said district at a point known as Lee Summit site. The record discloses without dispute that appellants were at the time the controversy arose trustees for said school district No. 123, which was created by merging two contiguous common school districts, one known as Hodge school district, and one known as Lenity school district. After the consolidation bonds were authorized and issued for the purpose of building and erecting a high school in the new district. At a mass meeting of the citizens of the consolidated district called by the county superintendent, presumably to ascertain public sentiment, what was designated as the McDuff tract was selected or recommended by the meeting. Afterwards the trustees who were appointed subsequent to the mass meeting selected what was designated as the Lee Summit site. Thereupon this proceeding was commenced with the result stated, the court basing its judgment on the finding that the site selected was not the most convenient situs for a majority of the patrons nor the geographical or population center of the district.

[1] Several issues are presented by counsel, but, as we view the case, one only need be considered, which is: Is the power to select the location of rural high schools lodged with the board of county trustees or with the board of district trustees? It was assumed by the patrons of the school in the mass meeting, and by the county and district school trustees and court and counsel below, that the district trustees had such authority, and the point stated is for the first time presented in this court. Concerning that function it is provided by chapter 36, Acts 34th Leg. 1915, p. 68, which amends chapter 26, Acts 32d Leg. 1911, now title 48, cc. 11a, 15a, Vernon's Ann. Civ. St. Supp. 1918, in section 2 thereof, that "the general management and control of the public schools" in each county in the state is vested in the county trustees. By section 3 such trustees are required to classify the schools of the county into elementary and high schools, in accordance with the regulations prescribed by the state superintendent, for the purpose of promoting the efficiency of the elementary schools and of establishing high schools at convenient and suitable places. In classifying the schools and in establishing high schools the county trustees are required to confer and advise with the county superintendent and the district trustees and give due regard to schools already located and the distribution of population, etc. By section 4, after conferring on county trustees certain authority formerly exercised by the county commissioners' court, it is made the duty of the county school trustees to call an annual meeting of the district trustees, whereat the county and district trustees shall jointly consider "questions dealing with the location of high schools * * * and the county school trustees shall be guided in their action by the result of the deliberation of such meeting, not inconsistent with law." Vernon's Ann. Civ. St. Supp. 1918, art. 2749c. Other meetings may be called by the county

trustees when deemed necessary. The county trustees may consolidate two or more common school districts in order that a high school may be established therein, upon petition of a majority of the qualified electors at interest in the districts proposed to be consolidated. By section 5 high schools of the first, second, and third class are defined. By section 15 all laws or parts of laws in conflict with the act are repealed. We are unable to deduce from the provisions quoted anything other than that they evidence the intention of the Legislature to authorize the county trustees to establish and locate every rural high school in the county, whether in single or consolidated school districts. While the language used is not as clear and direct as might be desired, at the same time it imports nothing less when it confers the authority to establish and locate such schools. What induced the Legislature to place the authority where it did is more or less a matter of speculation, and not altogether important. At the same time it can be said with reason that after the annual meeting between the county and district trustees provided for by the act, the former, representing in the broad sense the entire county, would be better qualified to act for the general best interests of the several districts of the county and the patrons and scholars who desired high school facilities. In any event, whatever may have been the thought of the Legislature, it is certain, we believe, that the power is lodged as stated, since any other construction would be to hold the language used entirely meaningless.

[2] It is true, as argued by counsel, that article 2824, Vernon's Sayles' Civ. Stats., which is part of chapter 15, authorizing the creation of school districts, the election of trustees and defining their rights and duties, etc., and which was amended by the acts first quoted, provides that such "trustees shall determine how many schools shall be maintained in their school district, and at what points they shall be located." That provision, however, necessarily has reference at least since the last enactment to the elementary schools in the district. For, if prior to the last act the district trustees had authority to locate high schools in their district, it was repealed by the express provisions of the later act. No other conclusion, it occurs to us, can be reached consistent with both enactments. Such conclusion renders unnecessary a determination of the other issues involved in the appeal. We further conclude that the proper disposition of the case is an affirmance. But neither such affirmance nor the action of the trial court is to be in any manner conclusive on the county trustees in the exercise of the discretion vested in them by law.

Affirmed.