## ZURICH GENERAL ACCIDENT & LIABILITY INS. CO., Limited, v. WOOD et al.
### No. 3401.

Court of Civil Appeals of Texas. Amarillo.
April 23, 1930.

Chamberlain, Green & Wade, of Dallas, and Jos. H. Aynesworth, of Stinnett, for appellant.

W. J. Oxford, of Stephenville, and J. A. Johnson, of Big Springs, for appellees.

JACKSON, J.

The opinion of this court by Judge Randolph on a.former appeal of this case, reversing the judgment, and the reasons therefor, is reported in 10 S.W.(2d) 760. It is only necessary to add to the statement of the pleadings of defendants in error contained in the former opinion that at the last trial, by amended petition, the defendants in error alleged that the deceased, W. F. Wood, was employed by the Kenyon-Kearns Feed Company, Inc.; that his duties, among other things, were to drive a Ford roadster furnished by his employer, solicit customers and business, and make collections of notes, accounts, and other indebtedness for his employer; that the deceased had not worked for said employer or any other employer at the work he was engaged in at the time of his injury and death for substantially the whole of a year immediately preceding his injuries; that no other employee had worked in the same or similar employment during substantially the whole of a year immediately preceding the injuries of the deceased in the same or a neighboring place; that therefore the average annual weekly wage of the deceased cannot be determined by the method prescribed in subdivisions 1 or 2 of section 1 of article 8309, R. C. S.; that the deceased had been working for his said employer at $150 per month of twenty-six working days from

August 1, 1926, to January 1, 1927, a period of five months; that his employer, on January 1, 1927, raised his wages permanently to the sum of $175 per month of twenty-six working days; that his engagement with his employer continued until February 17, 1927, the date of his death, at said sum of $175 per month; that the average weekly wage of the deceased for the six months immediately preceding his death was $34.21 per week, computed in a manner just and fair to both the plaintiff in error and the defendants in error, and 60 per cent. of said average weekly wage is $20.52; and that the beneficiaries of the deceased, who are the defendants in error, are entitled to recover $20 per week for 360 weeks. The prayer is to recover said amount.

The plaintiff in error pleaded general and special exceptions, general denial, and alleged that the deceased did not receive any injury to the physical structure of his body on January 31, 1927, which was the procuring cause of his death; that he had for a long time prior thereto suffered with an abscessed and tubercular kidney, which diseased condition caused peritonitis from which he died, and if he received any injury on January 31, 1927, such injury had nothing to do with his death.

In response to special issues submitted by the court, the jury found in substance that prior to January 31, 1927, W. F. Wood did not have an abscessed condition of his kidney; that the condition of his kidney prior to that date was not the sole cause of the death of W. F. Wood; that W. F. Wood sustained personal injuries on January 31, 1927, to his right side and back; that such injuries were received in the course of his employment and that such injuries resulted in his death; that the average weekly wage of W. F. Wood, just and fair to both parties, is the sum of $40.38 per week.

On this verdict, the court rendered judgment that the defendants in error have and recover of and from the plaintiff in error $7,268.27, for themselves and their attorneys, from which judgment the plaintiff in error, hereinafter called appellant, prosecutes this appeal.

The appellant assigns as error the action of the trial court in submitting to the jury the average weekly wage of the deceased, based on subdivision 3, section 1 of article 8309—what may seem just and fair to both parties—because the burden which they failed to discharge was on the defendants in error, hereinafter called appellees, to show that it was impracticable to compute the average weekly wage of the deceased under subdivisions 1 or 2 of section 1 of article 8309, R. C. S.

■ The appellees alleged facts to show that they were not entitled to compute the compensation due them under sections 1 and 2 of article 8309. The testimony shows that the deceased for several years prior to August 1, 1926, had been in business for himself in the state of New Mexico; that he was employed from August 1, 1926, by the Kenyon-Kearns Feed Company, Inc., until December 31, 1926, at Borger, Tex., as salesman and collector at a salary of $150 per month of twenty-six working days; that he was in charge of the business of his employer when the manager, Mr. Mayfield, was absent; that he was furnished a Ford roadster automobile by his employer in which he solicited customers and business and made his sales and collections; that on January 1, 1927, his salary was permanently raised to $175 per month of twenty-six working days; that he continued with said employer until his injury on January 31, 1927, and until his death on February 17, 1927, and thereafter; that any other work that deceased did for his employer was voluntary and no part of his duties; that there were no other employees of the same class that had worked substantially the whole of the preceding year at Borger or in that neighborhood in the same or similar employment. The deceased had been at work for his employer at Borger for only six months when he received his injury, and his compensation could not be computed under subdivision 1, section 1, of article 8309.

■ Under the testimony, there were no other employees of the same class that had worked substantially the whole of the preceding year at Borger or in that neighborhood in the same or similar employment and the compensation of appellees could not be computed under subdivision 2, section 1, article 8309. Employers' Liability Assurance Corporation, Ltd., v. Butler et al. (Tex. Civ. App.) 20 S.W.(2d) 209, and authorities cited.

In Lumbermen's Reciprocal Association v. Warner, et ux., 245 S. W. 664, 666, the Commission of Appeals says:

"It was agreed that the deceased was earning $2.50 per day at the time of his death, but that he had been employed only a few days when his death occurred. There was no proof in evidence of what other employees in the same class of work had received immediately and prior thereto for a period of one year. The father testified, however, that the son had assisted him in the farm work, and that he could not get any one to do the work as well as his son, and that he would be compelled to pay from $2.50 to $3 per day to others to do the work which his son was doing for him. * * *

"It is observed from a reading of the statute that great latitude is allowed in arriving at the compensation to be awarded. Section 3 permits the resort to such means in determining the compensation as the Board, or in this case the jury, may seem just and fair to the employee and the insurer. With the privilege thus accorded to the Board or jury to

determine what was fair and just to the parties, it cannot be said, in view of the evidence, that the insurer has been injured by the award made. On the other hand, it is clearly apparent *that the evidence warrants the compensation awarded."

This holding is approved by the Commission of Appeals in American Employers' Insurance Co. v. Singleton, 24 S.W.(2d) 26, but distinguished on the facts.

■ Under the pleading and the testimony revealed by this record, the court was authorized to submit to the jury for determination the average weekly wages of the deceased under subdivision 3, section 1, article 8309, R. C. S.

The appellant, by several assignments, presents as error the action of the court in refusing to direct a verdict in its behalf and in rendering judgment against it on the findings of the jury, because the evidence was not sufficient to show that the deceased received any injury on January 31, 1927, which resulted in his death.

The former opinion of this court overruled an assignment urging the insufficiency of the testimony to support the findings of the jury. There are some additional facts and circumstances in this record that were not contained in the record on the former appeal, tending to support a verdict in behalf of appellees, and without entering into a recitation or discussion of the facts, it is our opinion that the evidence was sufficient to warrant the findings of the jury that the deceased was injured in his back and side on January 31, 1927. Galveston, H. & S. A. Ry. Co. et al. v. Amer. Gro. Co. et al. (Tex. Com. App.) 25 S. W.(2d) 588.

■ The appellant assails as erroneous the judgment rendered against it, because the amended pleadings of appellees disclosed that Harold Wood, one of the children of the deceased, was more than twenty-one years old at the date of filing such amended petition and therefore an indispensable party to the suit, as his mother, Mrs. Wood, as guardian, could not maintain the suit in his behalf.

An agreement of the parties found in the record shows, among other things, that the Kenyon-Kearns Feed Company was a subscriber under the Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309), and the appellant in this case had issued to it a policy which was in full force and effect on the 31st day of January, 1927, binding appellant to pay the employees of the Kenyon-Kearns Feed Company compensation, as provided in the Workmen's Compensation Act, and that the deceased was employed by said feed company and covered by said policy on said date.

That the appellees gave notice to the employer of the deceased and to appellant and to all parties of the claimed accident and injury; that a claim for compensation was duly filed with the Industrial Accident Board of the State and the appellant; that such claim was heard and a final ruling made thereon, and within twenty days thereafter the appellant gave written notice to the proper parties that it was unwilling and would not abide by said final decision, and would institute suit in a court of competent jurisdiction in Hutchinson county, Tex., to set aside the decision of the Industrial Accident Board; and that the district court of Hutchinson county, Tex., has jurisdiction of all the parties and of the subject-matter involved in the suit.

The record shows that Mrs. Wood had been duly appointed guardian of the person and estate of Harold Wood and the other children of herself and her deceased husband.

Article 4296, R. C. S., provides: "When the ward dies, or if a minor, arrives at the age of twenty-one years, or if a female, marries * * * the guardianship shall be immediately settled and closed and the guardian discharged, as provided in this chapter."

■ Before the fiduciary relation ceases between the guardian and her ward, there must be a decree of the probate court discharging the guardian. Marlow v. Lacy, 68 Tex. 157, 2 S. W. 52; Allen v. Stovall, 94 Tex. 618, 63 S. W. 863, 866, 64 S. W. 777.

Under this record, the guardian was not discharged and was not required to settle with Harold Wood any interest he had in the judgment until after a final disposition of this case. We think a judgment would be binding on Harold Wood, and under the facts and circumstances revealed in this record, he could not hold the appellant for any money collected on this judgment for him by the guardian. Huntsman Guardian, etc., v. Fish, 36 Minn. 148, 30 N. W. 455.

■ The appellant had brought this suit to set aside the award of the Industrial Accident Board, and in order to set aside the decision of said board, it was incumbent on it, if it was doubtful of the right of Mrs. Wood, the guardian, to maintain the suit, to see that the proper parties were in court. Woodson et al. v. Stanley et al. (Tex. Civ. App.) 201 S. W. 659; Nickels v. Gilmore (Tex. Civ. App.) 293 S. W. 884; Perkins v. Terrell (Tex. Civ. App.) 214 S. W. 551. However, this question can be easily eliminated upon another trial.

The appellant challenges as error the action of the court in refusing to set aside the judgment and grant it a new trial, because of the misconduct of appellees' counsel in the presence of the jury while introducing the testimony and interrogating certain witnesses. The record shows that appellees' counsel was reprimanded by the court for his conduct, was made to pay a fine, and the jury instructed not to consider the remarks of counsel, and that counsel apologized to the jury for such conduct.

In our opinion, the remarks of counsel for appellees do not constitute reversible error in view of the prompt action of the court, which we are confident was effective in removing from the minds of the jury the insinuations contained in the sidebar remarks of appellees' counsel. St. Louis, S. F. & T. Ry. Co. v. Knowles, 44 Tex. Civ. App. 172, 99 S. W. 867 (writ of error denied).

■ The appellant assails as erroneous the charge of the court on the burden of proof, but no objection was made to the court's charge on the burden of proof, no exception filed thereto, and no charge properly defining the burden of proof was submitted by appellant, and the contention under such assignment is not tenable.

■ The appellant challenges as erroneous special issues Nos. 3 and 5, which respectively are, in substance, did the deceased sustain personal injuries on the 31st day of January, 1927, to his right side and back, and did such injuries result in the death of the deceased? Both of these issues were properly objected to because the court had failed to define "personal injury" and "resulting in death."

The evidence reveals without controversy that the deceased died from peritonitis caused by an infected kidney. The appellant's contention was that the death of the deceased was due to the existing and infected condition of the kidney on January 31st. Appellees contend that the infected condition of the kidney, which resulted in the death of deceased, was caused by the injuries inflicted on his back and side on January 31st. This is the only theory under this record on which the appellees can recover. This issue was sharply drawn.

Article 8309, § 1, subdivision 5, R. C. S., reads: "The terms 'injury' or 'personal injury' shall be construed to mean damage or harm to the physical structure of the body and such diseases or infection as naturally result therefrom."

Article 2189, R. C. S., among other things, provides: "In submitting special issues the court shall submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues."

The appellant did not tender to the court a definition of the phrases objected to, but having called the attention of the court thereto in its exceptions and objections, nothing fur-

ther was required. Gulf, etc., Ry. Co. v. Conley, 113 Tex. 472, 260 S. W. 561, 32 A. L. R. 1183; Robertson & Mueller v. Holden (Tex. Com. App.) 1 S.W.(2d) 570.

■ In addition to the objections made to the issues as submitted by the court, the appellant requested special issues which suggest the necessity of having the jury determine the causal connection between the injury and the diseased kidney, all of which were refused by the court. Refusing to define the terms used in the special issues above and refusing to give such of appellant's requested issues taken together, in our opinion, constitutes reversible error.

■ The appellant presents as error the action of the trial court in permitting a witness to testify that five or six days after January 31, 1927, the date of the injury, deceased stated to witness that he (deceased) would have to get out of the car and lie on the ground for two or three hours before he was able to come back to the office, because his right side was hurting him.

The testimony discloses that the deceased, in a short while after receiving his injury, had been able to ride in an automobile in company with some one else presumably to drive the car. The appellant objected to this testimony because it was hearsay and secondary and not the best evidence. The admission of this testimony, we think, was error.

The appellees admit that the judgment was excessive, but not to the extent contended for by appellant. In view of another trial, it is unnecessary for us to make a mathematical calculation to determine which is correct.

Appellant's brief contains eighty-eight assignments of error and seventeen propositions. Those not disposed of by what we have already said will, in all probability, not arise on another trial, and we deem it unnecessary to discuss each one separately.

■ The appellant's seventeen propositions are single spaced and cover substantially eight pages of his typewritten brief. Rule 34 for the Courts of Civil Appeals provides: "The Brief of either party may be written or typewritten. If written, it shall not exceed fifteen pages of manuscript; if typewritten, it must be with double space between the lines." Appellant, in its brief, obviously failed to comply with this rule.

The judgment is reversed, and the cause remanded.