## HILL v. MAGEE.
### No. 1521.

Court of Civil Appeals of Texas. Waco.
Nov. 1, 1934.

Rehearing Denied Dec. 6, 1934.

Nat Harris and Mabel Grey Howell, both of Waco, for appellant.

John B. McNamara, of Waco, for appellee.

ALEXANDER, Justice.

In 1924, W. H. McCullough was appointed and qualified as temporary administrator of the estate of Fleeta Magee, deceased, with power to act as such pending trial on a contest of an application to probate the will of said deceased. The order of appointment followed the statute, Revised Statutes, art. 3378, and provided that the appointment should continue in force until final determination of the contest and the appointment of an executor or administrator with full powers. The judgment of the probate court admitting the will to probate, and appointing the independent executor named in the will as such, was entered and became final on June 9, 1927. On the same day, the probate court entered an order directing the temporary administrator to deliver the estate of said Fleeta Magee, deceased, remaining on hand and in his possession to said independent executor and ordering him to file his final report as such temporary administrator. Said final report was filed September 23, 1927, and after due notice was acted on by the court on November 10, 1927. On said last-named date the probate court approved said final account as filed, with the exception of one item of $497.60, which represented a loan found to have been illegally made by said temporary administrator, and ordered the temporary administrator to deliver to the executor of said estate all assets on hand and belonging to said estate and to pay said executor the sum of $754.92, that being the amount of money found by the court to be due said estate by said temporary administrator. Said order further provided that, upon the payment of said sum of money to said executor, the temporary administrator and his bondsmen should thereby be relieved of all further liability in the matter. The temporary administrator failed to pay to said estate the money called for in the order of the probate court. This suit was filed in the district court on November 7, 1931, by the executor of said estate against said temporary administrator and his bondsmen to recover said sum of money, with interest. The defendants plead the four years statute of limitation. Judgment was for the plaintiff. B. H. Hill, one of the defendants, alone appealed.

But one question is presented for our consideration, and that is whether or not the cause of action sued on was barred by limitation. Rev. St. art. 5528, provides as follows: "All suits on the bond of any executor, administrator or guardian shall be commenced and prosecuted within four years next after the death, resignation, removal or discharge of such executor, administrator or guardian, and not thereafter."

Appellant's first contention is that the temporary administrator in this case was "removed" within the meaning of the above statute, and that such "removal" became effec-

tive on June 9, 1927, at the time the will was admitted to probate and the independent executor appointed, and that, since more than four years elapsed from said date to the time of the filing of this suit, plaintiff's cause of action was barred by limitation. We do not agree with this contention. The word "removal," as used in this statute, must be construed in the light of the provisions of our probate statutes providing for the removal of executors and administrators. Marlow v. Lacy, 68 Tex. 154, 157, 2 S. W. 52. Rev. St. arts. 3466 and 3467 provide that an executor or administrator may be "removed" for certain statutory reasons such as neglect of duty, incapacity, or official misconduct. Hence, an executor or administrator may be said to have been removed within the meaning of the statute of limitation here under consideration when he has been ousted from his position as such personal representative for one or more of the causes named in the statute providing for such removal. 13 Tex. Jur. 706. The term has no application in cases such as is here under consideration where the period for which the appointment was made has merely expired.

■ Appellant's second contention is that, even though it be conceded that the temporary administrator was not removed, yet he was "discharged" on June 9, 1927, when his right to further administer the estate ceased, and since plaintiff's suit was not brought until November 7, 1931, more than four years later, the suit was barred by limitation. Appellant is in error in assuming that the temporary administrator was discharged on June 9, 1927. The temporary administrator's right or authority to further act for or to represent the estate as such ceased on the occasion referred to, but it does not follow that he was thereby discharged from all further duties in connection therewith. He still owed the duty of filing a final report and delivering the estate in his hands to the independent executor and was subject to the orders of the probate court for that purpose. Rev. St. arts. 3380, 3381. He was not and could not be discharged until he secured an order of the probate court approving his final report, nor until he had filed his receipt showing delivery of said estate to such executor. Until then, the probate court had jurisdiction over him by virtue of his appointment as such temporary administrator and he was not discharged. Rev. St. arts. 3642, 3643; 14 Tex. Jur. 437, 566; Allen v. Stovall, 94 Tex. 618, 63 S. W. 863, 64 S. W. 777; Stewart v. Morrison, 81 Tex.

396, 17 S. W. 15, 26 Am. St. Rep. 821; Marlow v. Lacy, 68 Tex. 154, 2 S. W. 52; Ford v. Wheat (Tex. Com. App.) 36 S.W.(2d) 712; Thomas v. Hawpe, 35 Tex. Civ. App. 311, 80 S. W. 129; McClellan v. Mangum, 33 Tex. Civ. App. 193, 75 S. W. 840.

This suit was brought within less than four years after the final account was approved, and hence the cause of action was not barred by limitation.

The judgment of the trial court is affirmed.