J. D. AND WALTER SHINER v. H. B. AND W. B. SHINER, EXECUTORS
ET AL.

Decided February 15, 1897.

1. Will—Independent Executors—Partition.

A will, after designating the devisees and their respective portions, provided
for partition, which the executors were empowered to have made without awaiting
the twelve months after probate, and that no further action be had in the courts
than the probate, inventory and list of claims, "and the partition as herein pro-
vided." Held, that the will contemplated that the partition should be made by
the Probate Court, and did not provide the means for making the partition con-
templated by Revised Statutes, article 1948, and the executors had a right to apply
to the probate court for partition. (Pp. 416, 417.)

2. Same—Settlement of Accounts.

As a necessary incident to the partition, the Probate Court had the power in
such case to settle the accounts of the executors. (P. 417.)

QUESTIONS CERTIFIED from the Court of Civil Appeals, Fourth Dis-
trict, in an appeal from Bexar County.

*Geo. C. Altgelt,* for appellants.—The court erred in proceeding to
judgment in this cause on appeal because the county court sitting in mat-
ters of probate had no original jurisdiction thereof, for this, that it ap-
pears of record that the administration of said estate of Emma Shiner,
deceased, was independent of said court, and that control over the same
was taken from said court by the last will and testament of the testatrix.
When the testatrix by her will provided that no further action be had in

the courts relative to her estate than the probating of her will and the filing of an inventory, the county court was without jurisdiction over the estate except, upon complaint of a creditor or a person interested in the estate, to require the execution of a bond, or when the will does not distribute the entire estate or provide a means for the partition of the estate, in which case the independent executors may file their final account in the court in which the will was probated and ask partition and distribution. Rev. Stats., arts. 1991 to 2101.

*Henry E. Vernor,* for executors, H. B. and W. B. Shiner.—Independent executors may refuse to assume the responsibilities of partition, especially where they are themselves heirs and hold as such an interest in certain property which they may submit to the jurisdiction of the County Court for partition and distribution. Rev. Stats., art. 2102.

The County Court and the District Court had jurisdiction to charge each allotment of property with its pro rata share of partition expenses and those which had necessarily accrued while partition proceedings were pending.

The will of deceased did not distribute the entire estate or provide a means of partition thereof. Smithwick v. Kelly, 79 Texas, 572.

*Hines & Bee,* for Carlos Bee, guardian ad litem for minors, Gordon, Milton, Vernon and Adeline Shiner.

*Franklin & Cobbs,* for T. D. Cobbs, guardian ad litem for minors, Josie, Charles P. and Nettie P. Shiner.

The will of deceased did not determine who were entitled to the estate or in what proportions.

Under the provisions of the will the executors were not independent of the control of the Probate Court before partition, except as to division of money.

The County Court had jurisdiction to partition the estate, because, until partition was had, the administration, independent as to division of money, if any, and though without bond, was pending under the decree probating and putting in force the provisions of the will, decreeing the executors only independent after partition. Rev. Stats., art. 2099; Smithwick v. Kelley, 79 Texas, 564; Rev. Stats., arts. 2102, 2103.

The County Court retained jurisdiction to partition because the administration was only to be independent after partition, and the statute which provides that "any person capable of making a will may so provide in his will that no other action shall be had in the County Court in relation to the settlement of his estate than the probating," etc., refers to the County Court jurisdiction alone, and there being no provision in the will taking from the County Court the power to partition and distribute.

It is contended that the County Court had jurisdiction in relation to the accounts of the executors only in so far as it was necessary to con-

sider such accounts in determining what proportion of the estate was then subject to partition, and not to discharge them from any liability.

DENMAN, Associate Justice.—The will of Emma Shiner gave to each of four of her children one-sixth of her estate, after deducting some property given especially to one of them, and gave the remaining two-sixths to her executors in trust for certain persons and purposes not necessary to mention.    It also contained the following provisions:

"Thirteenth:   I desire that as soon as practicable my executors shall proceed to procure a partition of my whole estate into six portions as before indicated, and the power to have the same done in behalf of my heirs is hereby expressly provided for unto them, without awaiting the twelve months after the probate of this my last will and testament.

"Fourteenth:   I desire that no further action be had in the courts relative to my estate than the probate of this my will, the filing of an inventory of my estate, and a list of claims and the partition as herein provided, and that my executors herein named, and those who may be subsequently appointed as herein provided for, shall act thereafter independently of the courts and shall not be required to give any bond."

The executors qualified and filed an inventory in February, 1892, and on August 14, 1893, the estate having been managed by them independently of the court, they filed an application in the County Court praying partition and distribution of same among the parties entitled, mentioning the four children above as being entitled to one-sixth each and certain other persons as being entitled to the remaining two-sixths given to the executors in trust by the will as above indicated.   On this statement of the facts the Court of Civil Appeals have certified to this court the following questions:

"1.   Had the County Court, in view of said will and the above circumstances, jurisdiction to make the partition provided for therein?·

"2. If it had such jurisdiction, did it also have jurisdiction, in making the partition, to consider and settle the accounts of the executors?"

Revised Statutes, 1879, provides as follows:

"Art. 1942. Any person capable of making a will may so provide in his will that no other action shall be had in the County Court in relation to the settlement of his estate than the probating and recording of his will, and the return of an inventory, appraisement and list of claims of his estate.

"Art. 1948. If such will does not distribute the entire estate of the testator, or provide a means for partition of said estate, the executor shall have the right to file his final account in the court in which the will was probated, and ask partition and distribution of the estate, and the same shall be partitioned and distributed in the manner provided for the partition and distribution of estates administered under the direction of the court."

It is to be observed that the fourteenth section of the will above quoted does not attempt to entirely withdraw the estate from the juris-

diction of the Probate Court, but contemplated that partition should be made there. The former section did not authorize the executors, who were two of said four children, to make partition, but simply to procure it before the expiration of the year, which, taken in connection with the succeeding section, we think means, as above indicated, that the testatrix contemplated that the partition should be made by the Probate Court. If this be true then the will did not provide the means for making the partition, and under the section of the statute above quoted the executors had the right to apply to the Probate Court for purpose of partition, and we therefore answer the first question in the affirmative, but we do not wish to be understood as holding that, as to the two-sixths vested in the executors in trust, anything more could be done than to set them aside to be held by them as trustees to be distributed to the persons mentioned as beneficiaries as they might become entitled thereto under the terms of the trust.

We are also of opinion that the court had the power to settle the accounts of the executors as a necessary incident to the partition. If they had applied to the District Court to partition the property into six parts contemplated by the will that court would clearly have settled the accounts, and we see no reason why the same should not be done in a case where the law authorizes resort to the Probate Court for partition.

We therefore answer the second question in the affirmative.