**ALDERETE et al. v. GUADERRAMA et al.**
(No. 1659.)

(Court of Civil Appeals of Texas. El Paso. Oct. 29, 1924.)

Courts ⬅472(3)—District court held without jurisdiction in partition after death of administrator.

In view of Rev. St. arts. 3280, 3291, where executor or administrator dies, further administration on estate must be had in manner provided for original appointment, and necessity therefor determined by county court; and hence, where no want of necessity for further administration is shown, and partition could be had in county court, under articles 3571 et seq., district court was without jurisdiction.

Appeal from District·Court, El Paso County; Ballard Coldwell, Judge.

Suit for partition by Jose O. Guaderrama and another against F. G. Alderete and another. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

C. L. Vowell, of El Paso, for appellants.

Jones, Hardie & Grambling, of El Paso, for appellees.

WALTHALL, J. Appellees, Jose O. Guaderrama and Dolores Fierro, by next friend, Amelia Fierro, brought this suit in the district court against F. G. Alderete, individually and as administrator of the estate of Isa-

ac Alderete, deceased, and Isaac Alderete, Jr., adult son of Isaac Alderete, deceased, in which they allege that they each own an undivided one-fourth interest in and to certain real estate in El Paso county, described, and that appellants own the other undivided one-half interest, said property being of the alleged value of $3,500, and that a fair and equitable division in kind of said property cannot be made. They pray that the property be sold at private sale by a·receiver appointed by the court and the proceeds divided. They· further allege that appellants have been in possession of said property since June, 1918, and have received all rents, stating the value, and that they are entitled to their interest in the rents, and for which they sue. The total amount of the rents collected during said period of time are stated to be of the value of $1,500; ' the necessity for the appointment of a guardian of the person and estate of said minor, and the partition of said property is alleged. They⹀ pray for judgment for the amount shown to be due. By supplemental petition they allege that no administration has been pending on said estate since June, 1918, and that there is no necessity for administration at the time of the trial.

Appellants answered by plea to the jurisdiction of the court, alleging, substantially, that Francisca Tarin de Legarda from whom plaintiffs derive title, died, leaving a will which was probated on or about the 1st day of March, 1917, stating its number on the probate docket; the qualification of the executor named in the will; that thereafter, on the 21st day of March, 1917, an inventory and appraisement of said estate were duly filed and approved; that on the 21st day of September, 1922, an annual report of the executor was approved, in which report all claims against said estate and the disposition of all funds were set out; that the administration of said estate is still pending in said probate court; that a distribution of said estate has never been demanded and none has been made; that there is no controversy of title to the property involved. Appellants pleaded other matters, but in view of the one issue of jurisdiction presented here they are immaterial.

It was· stipulated upon the trial of the case that the title to the property involved was vested in Francisca Tarin de Legarda at the time of her death; that she died leaving a will bequeathing an undivided one-half interest in the property involved in this suit to Isaac Alderete, and the remaining undivided one-half interest she bequeathed to appellees and their predecessors in interest, and that said·will has been duly and legally probated in El Paso county. By the provision of the will, Isaac Alderete was named sole executor, with direction that no bond be required of him as such. It was admitted on

the trial that Isaac Alderete, Sr., was appointed and qualified as executor of the estate of Francisca Tarin de Legarda, and that Isaac Alderete died on the 22d day of June, 1918.

It was further agreed on the trial that the probate docket in the matter of the estate of Francisca Tarin de Legarda does not show that any administrator has been appointed or qualified since the death of Isaac Alderete. Other than the probate of the will and the appointment and qualification of Isaac Alderete as executor of the estate of Francisca Tarin de Legarda, the record here shows no other order or action in the administration of said estate. The record shows no order entered on the probate docket closing administration on said estate.

The court appointed a trustee to represent the minor, Dolores Fierro. The case was tried without a jury and judgment rendered for appellees as prayed.

### Opinion.

Appellants present three propositions. Abbreviated and condensed into one statement, their contention, substantially, is to the effect that the probate court having once taken jurisdiction of the estate of Francisca Tarin de Legarda, and appointed Isaac Alderete executor of said estate, who qualified as such, his subsequent death, or the number of years elapsing after his death, does not deprive the county court of jurisdiction over the estate, and that the only way of closing administration on the estate is for the county court to enter an order of record declaring the estate closed, and that until such order is entered of record the administration of said estate is pending in the county court. Appellants insist that by reason of the pending administration in the county court the district court is without jurisdiction.

Appellees present the counter proposition that, Isaac Alderete, the administrator of the estate of Francisca Tarin de Legarda, having died pending the administration, the administration of the estate is thereby terminated, and the district court has jurisdiction.

All of the parties, appellants and appellees, claim and own their undivided interests involved in the suit under the will of Francisca Tarin de Legarda. There is no conflict of title involved here. The will was duly probated and the one question is presented by the plea, viz.: Did the death of the administrator pending administration of the estate terminate the administration?

Under the Act of August 9, 1876, p. 96 (section 18 of the act, now article 3291, Revised Statutes), it is provided that, whenever an estate is unrepresented by reason of the death of the executor or administrator of an estate, the court shall grant further administration upon such estate when necessary, and with the will annexed, in the same manner, and under the same regulations provided for the appointment of original executors or administrators. Article 3294, Revised Statutes, provides that before granting letters of administration it must appear to the court (subdivision 4) "that there is a necessity for an administration upon such estate." Article 3280, R. S., provides that "no administration upon any estate shall be granted, unless it be made to appear to the satisfaction of the court that there exists a necessity therefor, such necessity to be determined by the court hearing the application."

It appears from the above references to, and quotations from, our statutes, that where the court has once granted letters testamentary or of administration in the matter of the estate of a deceased person, and the executor or administrator appointed dies, further administration, if any, upon the estate must be had in the same manner and under the same regulations provided for the original appointment; that is, in the instant case, that a necessity for further administration must be made to appear, the necessity therefor to be determined by the court hearing the application. Under the above express provision of the statute, the court hearing the application for further administration in the estate originally would be the county court where the administration was pending. It does not appear that any further action was taken in the administration of the estate after the death of the administrator. The necessity for further administration seems from the record not to have been made to appear, other than the unpartitioned and undistributed real estate of the estate, and the administration of the estate until the death of the administrator. The record does not show that an order was entered declaring the estate closed.

In Branch v. Hanrick, 70 Tex. 731, 8 S. W. 539, it was held that until the close of an administration, the county court has exclusive jurisdiction to decree a partition and distribution of the lands of an estate, when the title, as here, as between the distributees is clear, and no adverse claim of interest to the heirs is shown. In that case no order showing a final account or discharge of the administrator was shown.

Article 3571, R. S., without quoting the article, makes it the duty of the county court, under conditions shown to exist in the instant case, to order a partition and distribution of the estate remaining in the hands of the administrator to be made among the heirs, devisees, and legatees. By the next two succeeding articles of the statute, it is provided that, upon a final settlement, and there is none of the estate remaining not partitioned and distributed, and the estate has been fully administered, as ordered, it is then that an order is entered upon the minutes declaring the estate closed.

In Richardson v. Vaughan, 86 Tex. 93, 23 S. W. 640, a suit brought by the widow and only heirs of Richardson, deceased, to recover of Vaughan on account for merchandise sold and delivered to Vaughan, the account being a part of the estate of Richardson, and upon which estate no administration had been had, it was said:

"Since our statute casts the legal title of property belonging to the estate of deceased persons directly upon the heirs (subject, however, to the payment of debts), we think it might properly have been held that, after the lapse of a reasonable time without administration upon the estate, they should have the right to sue for the recovery of any chose in action or other property which had descended to them. But from an early day a different doctrine has been announced in the court, and it is now too late to depart from it. As a general rule, the holding has been, that the heirs cannot sue without alleging and proving that there is no administration upon the estate, and that there is no necessity for one."

In Walker v. Abercrombie, 61 Tex. 69, after years had elapsed and there was no administration upon the estate, and a necessity to sue to preserve the property of the estate is shown, an exception is recognized. Another exception to the general rule stated in the Richardson v. Vaughan Case, supra, seems to be announced in Lauraine v. Ashe, 109 Tex. 69, 191 S. W. 563, 196 S. W. 501, in which it is held that, notwithstanding a pending administration, the jurisdiction of the district court may be availed of for the settlement of questions affecting the estate which the powers of the probate court are inadequate to determine. But the exceptions we have found to the general rule as above have no basis for their application in the facts of this case.

In the case of Johnson v. Union National Bank, 242 S. W. 293, a suit by heirs to recover property of the estate, the Galveston court of civil appeals, in which the court said that, as the court has found that there was no evidence showing that no administration was pending on the estate of Johnson, deceased, or that there was no necessity therefor, or that there were no debts against the estate, such findings alone make it imperative that judgment be rendered against plaintiff, and restated the rule holding:

"It is well settled that, in suits by heirs to recover the property or effects belonging to an estate of a deceased person, it is not only necessary to allege, but also to prove, that no administration was at such time pending upon such estate, and, if not pending, then, in that event, that no such administration was necessary."

We think it would serve no good purpose to review the cases referred to by appellees. Some of them seem to come within some of the exceptions referred to in the cases we

have cited and the cases there referred to in pointing out the exceptions under which the heirs may sue to protect the property of the estate and their interests.

The record shows the death of the administrator, but it is not admitted, and there is no evidence in the record, as we view it, which shows a want of necessity for further administration of the estate in which all claim title, but to the contrary, the matters sought to be adjudicated here in the partition and distribution of the estate were, by the articles above referred to, within the jurisdiction of that court, and it is there expressly made the duty of the county court to partition and distribute the estate among the heirs. Such pending and undisposed matter seems to show a necessity for further action in the administration of the estate. While it is not for this court to determine the condition of title should the district court partition and distribute the real estate of the estate under the facts shown by the record, we believe that it would be safer and a better title conveyed by the county court, as that court had jurisdiction and, we think, still has jurisdiction over the subject-matter of the partition and distribution of the real estate described.

For reasons stated, the case is reversed and remanded.