**McCANLESS et al. v. CLOUGH et al.**
(No. 550.)

Court of Civil Appeals of Texas. Waco.
Sept. 29, 1927.

1. **Courts** ⚖️475(2, 3)—Probate court, in which administration is pending, has exclusive jurisdiction to make settlement, partition, and distribution, unless will limits action (Rev. St. 1925, art. 3436).

Where administration is pending in probate court, such court has exclusive jurisdic-

tion to make settlement, partition, and distribution of estate, unless will, as authorized by Rev. St. 1925, art. 3436, limits action in such court to probating and recording of will and return of inventory, appraisement, and list of claims.

2. **Executors and administrators** ⚖️7—Probate court has no jurisdiction over independent executor while faithfully carrying out testamentary provisions.

The probate court has no jurisdiction over an independent executor, so long as latter is faithfully carrying out the provisions of the will.

3. **Executors and administrators** ⚖️7—Independent executor has exclusive control of estate until removal proceeding is begun (Rev. St. 1925, arts. 3437–3451).

Independent executor is entitled to exclusive control and management of estate until proceeding for his removal is begun under Rev. St. 1925, arts. 3437–3451.

4. **Executors and administrators** ⚖️7—Only probate court appointing independent executor may remove him or require bond.

The probate court which appointed independent executor is the proper and only court having jurisdiction to remove him or require him to give bond.

5. **Courts** ⚖️472(4)—Party having interest adverse to independent executor may sue in district court for partition of realty.

Party having interest in real estate adverse to that of independent executor administering estate is entitled to maintain suit in district court for partition thereof.

6. **Courts** ⚖️475(11)—Heirs to whom widow, as independent executrix, conveyed undivided portions of realty by agreement, could sue in district court for partition, though administration was pending in probate court.

Heirs to whom testator's widow, as independent executrix, had conveyed undivided portions of realty, pursuant to agreement between her and claimants, who were all parties to litigation, and represented all of testator's heirs, were entitled to maintain suit in district court for partition thereof as against contention that probate court had exclusive jurisdiction to administer on estate.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Suit by Mrs. Minnie McCanless and another against Mrs. Mary A. Clough and others. From a judgment of dismissal, plaintiffs appeal. Reversed and remanded.

Frazier & Averitte, of Hillsboro, for appellants.

Wear & Wear and John Abney, both of Hillsboro, and H. C. Bishop, of Hubbard, for appellees.

BARCUS, J. In October, 1923, G. J. Clough died testate. Under the terms of his will he left to his wife all of his estate during her

natural life, with remainder to his children. The will provided that his wife, Mary Clough, should be sole executrix without bond, and provided specifically that no action should be had under the will in the probate court other than proving and recording same and filing an inventory and appraisement and list of claims. The said Mary Clough filed the will for probate, and the children, five in number, filed a contest. A compromise agreement was made whereby the will was allowed to be, and was, probated, and Mary Clough was by the county court appointed the independent executrix under the will, and she qualified as such. Under said agreement Mary Clough, the widow, was to receive 100/434 of a 434-acre farm, and all of the other property of G. J. Clough, including the homestead, and his five children were to receive jointly the remaining portion of said farm. The agreement further provided that Mary Clough would execute to the five children a deed conveying her interest in 334/434 of said farm, and the children were to assume 5/6 of all of the indebtedness of G. J. Clough, which amounted to approximately $4,000, and were to convey to Mary Clough a 100/434 interest in the farm, together with their interest in the homestead and all the other property belonging to G. J. Clough, and she was to assume 1/6 of the indebtedness of G. J. Clough. The will was probated April 25, 1924, and the respective deeds partitioning the estate in conformity with the agreement were executed on August 4, 1924. No action was brought by any of the creditors of G. J. Clough, deceased, seeking to enforce their respective claims against the independent executrix, and no effort made, as provided by article 3437 of the Revised Statutes, seeking to require the executrix to pay said claims. It is admitted that about $4,000 of the debts which were due and owing by G. J. Clough at his death are still unpaid.

At the November term of the county court in Hill county in 1925, Johnson Bros., one of the creditors of G. J. Clough, deceased, filed an application for letters of administration on the estate of G. J. Clough, deceased, in which no reference was made in any way to the fact that Mrs. Clough had in 1924 been appointed independent executrix of said estate, and said application for letters of administration is still pending in the probate court of Hill county; no action having been taken thereon by said court.

This suit was filed by appellants, two of the children of G. J. Clough, against the widow, Mrs. Clough, and the other three children, and against certain creditors of the Clough estate, including Johnson Bros., who are alleged to hold liens against the land, asking that a receiver be appointed to take charge of the land and collect the rents, and that the land be partitioned, giving to Mrs. Clough a 1/4 interest, and to each of the ap-

pellants, and each of the three children who are appellees, a 1/5 of the remaining 3/4 interest. Appellees filed their plea in abatement, contending that the district court was without jurisdiction to hear and determine any of the issues by reason of the fact that the probate court had exclusive jurisdiction over the subject-matter, and was the only court that could administer upon the estate of G. J. Clough, deceased. The trial court sustained the plea in abatement, and dismissed appellants' suit. Hence this appeal.

[1] The rule seems to be well established that, where there is an administration pending upon an estate in the probate court, the probate court has exclusive jurisdiction of the estate to make settlement, partition, and distribute the same. Wallace v. Dubose (Tex. Civ. App.) 242 S. W. 351; Alderete v. Guaderrama (Tex. Civ. App.) 265 S. W. 766; Van Grinderbeck v. Lewis (Tex. Civ. App.) 204 S. W. 1042.

[2-4] Under article 3436 of the Revised Statutes, however, any person may by his will provide that "no other action shall be had in the county court in relation to the settlement of his estate than the probating and recording of his will, and the return of an inventory, appraisement and lists of claims of his estate." It seems to be the settled law from the early decisions of our courts to the present that the probate court has no jurisdiction over an independent executor so long as the independent executor is faithfully carrying out the provisions of the will. Runnels v. Runnels, 27 Tex. 515; Fortune v. Killebrew, 70 Tex. 437, 7 S. W. 759; Cleveland v. Cleveland (Tex. Civ. App.) 30 S. W. 825, Id., 89 Tex. 445, 35 S. W. 145; Shiner v. Shiner, 90 Tex. 414, 38 S. W. 1126; Taylor v. Williams, 101 Tex. 388, 108 S. W. 815; Yeager v. Bradley (Tex. Civ. App.) 246 S. W. 688. Articles 3437 to 3451, inclusive, of the Revised Statutes, provide specifically for the protection of creditors of an estate being administered under a will, and provide for the removal of the independent administrator under certain conditions. Until, however, some proceeding is begun, the independent executor is entitled to the exclusive control and management of the estate. It is unquestionably the law that the probate court which appointed the independent executor is the proper and only court which has jurisdiction to remove the administrator or require him to give bond. Under the agreement filed in this case Mrs. Clough was appointed independent executrix of the estate of G. J. Clough, deceased, and qualified as such, and no creditor nor any of the heirs have instituted any action to remove her as such, or asked that she be required to execute a bond. In the case of Bain v. Coats (244 S. W. 130), the Supreme Court, speaking through the Commission of Appeals, in effect held that, where an independent administration had been taken out

upon an estate, the probate court had no power to allow claims or interfere with the administration of the estate by the independent executor, unless some action was brought for the specific purpose of questioning the administrator's acts.

[5, 6] Appellees contend that, by reason of Johnson Bros., one of the creditors of the estate of G. J. Clough, having in November, 1925, filed application for letters of administration upon the estate of G. J. Clough, thereby the probate court was clothed with exclusive jurisdiction over said estate. In Yeager v. Bradley (Tex. Civ. App.) 246 S. W. 688, in which writ of error was refused, the court held that, where an independent administration had been granted upon an estate, the probate court was without power to grant any other administration, and was also without power to control said estate, and that, where a party held a claim against the estate, same should first be presented to the independent administrator, and, if refused, suit should be brought in a court of competent jurisdiction.

In Patton v. Smith (Tex. Civ. App.) 221 S. W. 1034, the court laid down the doctrine that, where an estate had in good faith, and not in fraud of the right of creditors, been divided and passed to those entitled in law to receive same, the independent executor thereby lost control, and that a creditor was thereafter required to follow the property into the hands of the legatees, or sue the legatees for the value of the property which had been by them received and appropriated. In this case Mary Clough, the independent executrix under the will, had long before the institution of this suit divided the estate, giving to the respective claimants their portion, and each claimant in turn had assumed his proportionate part of the debts of the estate. The parties to this litigation have agreed that Mrs. Clough is entitled to 100/434 of the land sought to be partitioned by this suit, and that each of the two appellants, and each of the other three appellees, being the five children of G. J. Clough, deceased, is entitled to an undivided 1/5 of the residue of said land, and that Wear, Wood & Wear are entitled to 25 per cent. of the interest of three of the children named as appellees herein. All of said parties are parties to this litigation, and it is agreed by all parties that they represent all the heirs of G. J. Clough, deceased. When an estate is being administered by an independent executor, and a party has an interest in the real estate adverse to that of the independent executor, he is entitled to maintain a suit in the district court for a partition thereof. Whether an heir or legatee can require an independent administrator to partition the real estate belonging to an estate prior to the time all the debts of the estate are paid is not a question that is be-

fore us, and is one which we do not determine. In this case the independent administratrix has by deed of conveyance conveyed undivided portions of the tract of land in question to appellants, and, in order that same may be divided, these individual owners have a right to go into the district court to have same partitioned. The trial court erroneously sustained the pleas in abatement.

The judgment of the trial court is reversed, and the cause remanded.