ROWLAND et al. v. MOORE.

No. 14476.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 29, 1943.

Rehearing Denied March 5, 1943.

W. A. Hawkins, Rogers & Spurlock, and C. H. Milliken, all of Fort Worth, for appellants.

W. M. Short, of Fort Worth, for appellee.

SPEER, Justice.

Green A. Cole died testate and his will was duly probated in Tarrant County, Texas, in cause No. 3227, on December 1, 1908. By the terms of the will, M. H. Moore was named independent executor, without bond or the necessity of any orders of the court other than entering the will for probate and the filing of inventory and appraisement. Said M. H. Moore was likewise named in the will as trustee and all property of the testator was bequeathed to him as such trustee, for the use and benefit of testator's wife and two sons; the trust should last until the death of the last surviving one of said beneficiaries, at which time the property was to descend and be inherited according to the laws of the State of Texas.

M. H. Moore qualified and administered the estate and trust under the will until the death of Calvin Cole, in May, 1937, he being the last surviving beneficiary under the trust.

On September 3, 1937, Moore filed with the court where the will was probated his final account as trustee and independent executor. This report purportedly contained a list of the property received at the beginning of the administration, the disposition made of all property received by him except 86 acres of farm land. It also disclosed all receipts and disbursements made and further showed that in administering the estate and carrying out the trust, he had expended, out of his own funds, $749.14 more than he had received. The report indicated that the administration had been completed and the trust terminated by the death of Calvin Cole, the last surviving beneficiary. The report stated that "The persons entitled to receive the estate are as follows: Fannie Rowland, daughter of Calvin Cole". The executor asked that his claim for the excess funds so paid out be fixed and allowed as against the trust estate, that all tendered vouchers and accounts be filed and approved by the court.

After the above account was filed and before it was acted upon by the court, M. H. Moore died testate on October 28, 1938. No administrator with will annexed was ever thereafter appointed for the estate of Green A. Cole. The will of M. H. Moore was admitted to probate in Tarrant County, Texas, on November 21, 1938, and Anna Pearl Moore, surviving wife and sole beneficiary under the will, was appointed and qualified as independent executrix of the estate of said M. H. Moore. Citation was issued on the final account filed by Moore in the Cole estate, and Anna Pearl Moore, individually and as independent executrix of the estate of M. H. Moore, was permitted to intervene in cause No. 3227, in which the final account was pending. Thereafter, upon a hearing on May 31, 1939, an order was entered by the probate court in cause No. 3227, approving the final report of Moore, deceased, and allowing the claim of Moore against the trust estate in the sum of $749.14, set out therein.

On August 13, 1939, Fannie Rowland, joined by her husband, Ray Rowland, and Emma Cole, surviving wife of Calvin Cole, deceased, filed an application in the probate court in cause No. 3227, to set aside the order of that court entered on May 31, 1939, approving the final account of the executor and trustee of the estate of Green A. Cole, deceased. Anna Pearl Moore, independent executrix of the estate of M. H. Moore, deceased, intervened in the last mentioned proceeding in behalf of herself and the estate of M. H. Moore, and filed a plea in abatement and special answers.

Court heard the controversy and on August 25, 1941, entered an order setting aside its former order of May 31, 1939, in which it had approved the final account and allowed the claim of M. H. Moore, deceased, holding that it was without jurisdiction to make such order. From the last mentioned judgment Mrs. Anna Pearl Moore, individually and as independent executrix, appealed to the district court, where trial was had, resulting in a judgment on July 3, 1942, to the effect that the probate court was in error when it held on August 25, 1941, that it was without jurisdiction to enter the judgment of May 31, 1939. The district court set aside the judgment appealed from and reinstated the judgment of May 31, 1939, and certified its judgment to the probate court for observance.

From the judgment by the district court, Fannie Rowland, her husband, Ray Rowland, and Emma Cole have appealed. By three points they present a single assignment of error. It being that the district court erred in holding that the probate court had jurisdiction to enter the judgment of May 31, 1939, approving the final account of M. H. Moore, independent executor, and allowing his account for excess expenditures while administering the estate of G. A. Cole.

We have seen no case in which the precise question before us has been decided. Therefore, we must look to the nature of the will involved and the statutory provisions applicable.

As we view the will of G. A. Cole, it effectively provided for the administration of his estate by his executor, independently of all supervision by the probate court, excepting of course those things which statutory laws provide shall be done in such cases. Strictly speaking, it cannot be said that a testator can by will remove his estate entirely from the jurisdiction of the probate court. It has long been the settled law in this state that the probate court has exclusive jurisdiction in all matters pertaining to estates of deceased persons, subject to the limitations which authorize persons to entrust their estates to be administered independently of the court. The provisions last referred to are not without their limitations. Before one named as independent executor can legally act, he must first invoke the jurisdiction

of the court to admit the will to probate, receive and file inventory and appraisement, and to receive the oath of office of the proposed executor and to enter a judgment to that effect. When the jurisdiction has thus attached it continues until the estate has been administered according to the will. Article 3436, R.C.S. is the authority in this state for competent persons to make their wills and designate executors to act independent of court orders. This statutory provision does not withdraw the estate from the jurisdiction of the court. It remains there to the end that the court may, under certain conditions, set out in Art. 3438, see that the estate is administered honestly according to the mandates of the testator, and to afford relief to interested persons, by either removing the executor or requiring security of him to insure the performance of his duties. An understanding of these rules may be seen in the language used in Roy v. Whitaker, 92 Tex. 346, 48 S.W. 892.

There is a provision in the will before us to the effect that if the named executor should fail or cease to act or it should be found that he was not using the estate for the purposes provided in the trust, the county judge was directed by testator to select and appoint in writing a suitable person for that purpose, and he should thereafter be clothed with all the powers and authorities given by testator to the one named by him as independent executor. This, it would seem, was an effort on the part of testator to invoke the continued jurisdiction of the court, but under authority of Grant's Estate, 93 Tex. 68, 53 S.W. 372, the county court would have no authority to comply, literally, with such condition in the will. In case the executor named by testator should refuse to act (from death or otherwise) or be removed by the court for infidelity, the court could only appoint a suitable person to administer the estate with will annexed, as in ordinary administration, and the provision in the will added nothing to the power of the court.

Under Article 3436, R.C.S. any person capable of making a will may provide therein that no other action shall be taken in the probate court in relation to the settlement of his estate than probating and recording the will, and the return of an inventory and appraisement, and list of claims; and by Article 3442, it is provided in effect that if the will does not distribute the entire estate or provide a means of partition thereof, the independent executor may file his final account with the court where the will was probated and ask partition and distribution of the estate; when this is done the estate shall be partitioned and distributed in the manner provided by law in general administrations.

We have no doubt that the will under consideration is so worded that testator intended the named executor should act independent of the courts, as that term is generally understood. Immediately following the usual and customary provisions in a will for independent administration, we find this language: "I further direct that no reports shall be *made of* such executor and that no other action be had unless it be brought to the notice of the said Judge that said executor or some of his successors is failing or refusing to act in the matter." The clause containing the words "made of" italicized above by us, perhaps meant that no reports should be made *by* the executor or that none should be *required* of him. Under the provisions of Article 3442, supra, testator could not have prevented the executor from making his final account under conditions therein set out, nor could the testator have superseded the powers of the probate court to require the executor to make a report and accounting under a charge of infidelity or waste and require him to make bond. Article 3439, R.C.S. The phraseology mentioned did not destroy the independent character of the administration intended by testator.

It appears that where an administration has, by the terms of the will, been made independent of the courts, and the instrument distributes the entire estate or provides for means of partition, there are no provisions of our law authorizing or requiring the independent executor to make a final report of how or when the estate has been administered. Art. 3442.

As we understand the will of G. A. Cole, taken as a whole, we believe it fails to provide for a distribution and partition of the whole estate, as contemplated by Art. 3442, supra. The only provision of the will that could be construed to disclose such an intention reads: "Should one of my said sons predecease the other, I will that said property shall be held intact for the use and benefit of the survivor till his death and that upon the death of both of my said sons, said property shall descend

and be inherited according to the laws of the State of Texas."

The above provision relating to what disposition shall be made of the property after the trust has been terminated, is the equivalent of testator having omitted it entirely, for the reason the existing laws of descent and distribution would have been applicable without testator having so willed it. The quoted language, to our minds, invokes the subsequent jurisdiction of the court, after the estate has been administered, in determining who shall take the remainder of the estate, under the laws of the State of Texas. Shiner v. Shiner, 90 Tex. 414, 38 S.W. 1126.

Appellants (Fannie Rowland et al.) insist that the probate court was without jurisdiction to enter the order approving the final account of the independent executor on May 31, 1939, and that the district court on appeal erred in holding the judgment valid. They rely upon the holding in Lumpkin v. Smith, 62 Tex. 249. As we construe the rule announced there, we cannot agree with appellants' theory. There, an independent executor made a final account and stated that he believed the estate had been fully administered except as to a settlement with the legal heirs of the estate, and prayed that his "report and *final settlement,* by the court be heard, that said Smith, guardian [of minor heirs], be cited according to law, and that this executor be discharged from his trust". A restatement of the report by the court indicates that the executor showed the estate to be indebted to him in a sum of over $4,000, growing out of a claim against the estates of two of the beneficiaries under the will, both of whom were then deceased. It was held by the court that the will under which the executor was acting provided for the distribution of the whole estate and also provided for the means of partition thereof. We here observe that no testamentary trust was there created and that under the conditions named by the court in that case, there were no provisions of law authorizing the final account, nor under the guise of a final accounting for the court to pass upon the unsettled claim held by the executor against the estates of the two deceased beneficiaries. The court in the cited case construed Art. 3442 to mean that unless the will does fail to provide for a partition and the means of distribution of the whole estate the probate court is without jurisdiction to pass upon such final account and determine such

matters as a claim by the executor for additional and extra compensation for services performed by him.

As we view the will in this controversy, the reverse of the situation existing in the Lumpkin-Smith case is presented. Here we have a will which removed the administration from the court and makes no provision for partition or means of distribution. The executor made his report thereunder, showing, not that there was yet an unsettled controversy between him and a legatee, but that in administering the estate and carrying out the trust, he had expended from his own funds in preserving the estate, $749.14, more than he had received in revenues from it, and asked that his account in that amount be allowed as a claim against the trust estate. The prayer found in the report is not what it might have been. He did not specifically pray for an order of partition, nor a finding of who should receive the estate, nor how it should be distributed.

In Shiner v. Shiner, 90 Tex. 414, 38 S. W. 1126, the court had under consideration the final account of an independent executor under a will construed to mean that it was not sufficient to dispose of the entire estate and did not provide means of its distribution. The court held that it was proper for the independent executor to make such a final account and procure an order of partition and further that the probate court had the authority and jurisdiction to settle the account of the executor as a necessary incident to the partition.

The order of the probate court in the instant case did not specifically provide for a partition of the remainder of the estate reported by the executor as being on hand. The executor's report showed, or alleged, that Fannie Rowland (one of the appellants here) was the sole surviving heir to the estate of testator, being administered by him. The judgment recites that the court heard the evidence offered. It cannot be said that the allegation made by the executor to the effect that Fannie Rowland was the sole heir to the estate established it as a fact, but judging by the order entered, it must have been found by the court to be true. The will provided in effect that after the estate had been administered and the trust terminated, the remainder should descend and be inherited according to the laws of the State of Texas. Thus it will be seen that the will did not designate any person or persons who should

receive it. The executor was entitled to have the court determine who should receive the remainder on hand at the time of the final account, under the terms of the will. Apparently the court must have concluded from the testimony heard that there was only one person to receive the remainder, under the laws of descent and distribution in Texas. This being true, the property could not be partitioned with one person and an order for "partition" would have been useless. When the order approved the account and report, we think it was sufficient to authorize the "distribution" and delivery by the executor to the one shown to be entitled to it.

The amount claimed by the executor and trustee was set out in the final account and report. It consisted mainly of taxes paid to preserve the estate and two items covering the funeral expenses of two of the named beneficiaries under the trust. Appellant, the sole surviving heir, seems to have advised the executor and trustee to pay the funeral expenses of one of the beneficiaries. From the solicitude expressed by testator in the will for the welfare of his two sons to whom he referred as being "feeble minded" we do not hesitate to conclude that the executor and trustee was well within the realms of his duty when he preserved the estate by paying the taxes thereon. Nor would we condemn one in whom such a trust has been confided for paying the funeral expenses of his testator's unfortunate sons. Having paid these items out of his own funds, law, equity and good conscience impel us to lend aid to seeing that the trust estate reimburse him. Moore v. Bryant, 10 Tex.Civ.App. 131, 31 S.W. 223; 65 C.J. 727, sect. 591.

Appellants present in their brief, argument having some support in law, to the effect that at the death of an executor his relation to the estate ceases, and the county court is without authority to adjust controversies between him and the estate after his death, without an administrator with will annexed to represent the interest of the estate. We think the principle announced is sound, as a general rule; but as before indicated, here, the estate was entirely administered, and the account of the executor was not one owing by the estate prior to the death of the testator but grew out of advances made by the executor in caring for the property. This was not such a claim as any adminis-

trator subsequently appointed could pass upon but was one solely for the court. The executor could not have passed upon and allowed his own account, but it must be filed with the court, for determination. This was done and it was allowed by the court in the order which is here attacked. We think there was no error shown. Art. 3526, R.C.S.

We see no error in the judgment of the district court upholding the order of the probate court of May 31, 1939, and the points presented under the assignment thereto are overruled, and the judgment should be affirmed. It is so ordered.

On Motion for Rehearing.

Appellant Fannie Rowland, in a motion for rehearing, calls our attention to an expression used in the original opinion, wherein we say, "Appellants (Fannie Rowland et al.)" contend on appeal certain things. She asks that we either withdraw the language or explain and clarify it, for she insists that she alone appealed, and therefore there is only one appellant. We note by the judgment entered it was against Fannie Rowland, her husband, Ray Rowland, and Emma Cole, and that each of them excepted and gave notice of appeal. Fannie Rowland and her husband, Ray Rowland, perfected their appeal by giving the necessary bond. Emma Cole did not file an appeal bond. Briefs filed indicate that Fannie Rowland alone sought reversal. We have again examined the pleadings in which relief was sought and while it is true the husband was referred to as joining the wife "pro forma" we did not attempt to criticise his status throughout the controversy; the pleadings referred to both Fannie Rowland and Ray Rowland in the plural. No point was made in the record that the husband was not in fact a party litigant along with the wife, and for sake of brevity we did not discuss it. Article 1983, R.C.S. makes the husband an indispensable party plaintiff to the wife's suit, in the absence of a showing that he refused to join her. We treated him as such in this case, even though he did join pro forma. We are glad to make this clarification of the original opinion. However, we fail to see how the designation made by us can affect the conclusions reached.

Reference is made in the motion to expressions found in appellee's brief referable to an attorney who purchased from Mrs. Rowland such interest as she had in the land. We did not consider that deal

affected the admittedly sole question of whether or not the trial court had jurisdiction of the points involved, and still believe we were correct in it.

Movant earnestly insists that if given an opportunity she can and will show many things in connection with the approval of the final account of the executor which materially affect its validity. Those matters were not before us in the appeal considered and we find no authority for reversing the case to have them presented to the trial court.

Fannie Rowland, appellant and movant here, says that she relied alone upon the holding in McClellan v. Mangum, 33 Tex. Civ.App. 193, 75 S.W. 840, to support her contentions. She complains because we did not discuss that case. We studied that decision before writing our opinion and did not think it applicable to the point involved. We have again read it and are of the same opinion. We have no fault to find with what is there said, under the facts. In that case, one Baker died intestate, and White was appointed administrator of his estate. White administered the estate for a while and before the administration was finished he died. At his death, Baker's estate was indebted to the administrator and the administrator was indebted to the estate. White left a will, in which McClellan was named executor, but it is not shown that the estate was to be administered independent of the probate court. Thereafter, Mangum was appointed administrator de bonis non of the estate of Baker. McClellan as executor under White's will filed a purported final account for White, the previous administrator of Baker's estate. Court held that the probate court had no jurisdiction to hear a final account filed by McClellan. That the estate of Baker had not been fully administered by White prior to his death and McClellan did not succeed to the authority vested in White. That when White died before the administration was completed, his relation as administrator to the Baker estate ceased. In the case before us, Moore was independent executor of the Cole estate. The estate was fully administered and trust performed. Moore filed his final account before his death, asking to be reimbursed from the estate for excess expenditures made by him in the performance of the trust created in the will. Moore's executrix intervened and asked that the report of her testator be determined. We think the cited case, under the facts there

involved, is not controlling in the case before us under the facts disclosed.

The motion for rehearing is overruled.